**HEMMELGARN, Plaintiff-Appellee, v. BAILEY, Defendant-Appellant.**

Ohio Appeals, Second District, Darke County.

No. 683. Decided December 1, 1950.

Marchal & Marchal, Greenville, for plaintiff-appellee.
Jesse K. Brumbaugh, Wilbur D. Spidel, Greenville, for defendant-appellant.

## OPINION

By MILLER, PJ:

This is a law appeal from the judgment of the Court of Common Pleas awarding the plaintiff damages for injuries arising out of a collision between a motor vehicle and a bicycle being propelled by an attached motor known as a "Whizzer." The answer of the defendant denied the allegations of negligence set forth in the petition and alleged that the collision was due to the negligence of the plaintiff in four particulars, 1, 2 and 4 not in issue here, to-wit:

(3) In operating his Whizzer Bike at a rate of speed and in such manner as would not permit him to bring the same to a stop within the assured clear distance ahead.

At the close of all the evidence the plaintiff interposed a motion to take from the jury the third specification of negli-

gence, which was sustained. This ruling of the court, the appellant contends, was erroneous.

The facts pertinent to the question raised on this assignment disclose that the plaintiff was proceeding in a southerly direction on Sycamore Street in the City of Greenville on his Whizzer bicycle at a speed of approximately ten to fifteen miles per hour; that Sycamore Street is intersected on its west side by an alley, out of which the defendant was backing his automobile; that the view of the defendant in the direction from which the plaintiff was coming was obstructed by automobiles parked parallel with the curb; that the defendant's auto was backed into the path of the plaintiff's Whizzer bicycle, although it came to a stop before reaching the center of Sycamore Street. The defendant testified that he saw the plaintiff approaching when he was 25 to 30 feet away and stopped his automobile immediately. The interpretation we have placed upon the evidence is taken from its most favorable aspect towards the defendant. There is evidence in the record that the defendant's car was still in motion at the time of the impact, which, however, cannot be considered at this time. We are of the opinion that the trial court properly sustained the motion. The assured clear distance rule does not apply when a discernible object obstructing the path or line of travel suddenly enters within the clear distance ahead and into the path or line of travel, suddenly cutting down or lessening the assured clear distance ahead, without the fault of the plaintiff. **Reeves v. Frank Co., 76 Oh Ap 1.** A quite similar state of facts is found in the case of **Bohn v. Deyo, 66 Oh Ap 500, syllabus 1** of which provides:

"1. The 'assured clear distance ahead' provision of §12603 GC, is not applicable to a motorist proceeding in a lawful manner on a main thoroughfare and colliding with a motor truck being backed out of a private driveway onto such thoroughfare without yielding the right of way, in violation of §6310-29 GC, the motorist not being required to anticipate such a violation by the truck operator or to change his course until aware thereof."

Another error assigned is that the court improperly submitted certain special instructions to the jury. The pertinent facts on this question reveal that the plaintiff was a minor, seventeen years of age. Among the special charges requested was charge No. 7, which reads as follows:

"I charge you that children are not chargeable with the same care as persons of mature years. Although children are required to exercise ordinary care to avoid the injuries of

which they complain, such care, as applied to them, is that degree of care which children of the same age, education and experience, of ordinary care and prudence, are accustomed to exercise under similar circumstances."

The appellant urges that this charge does not correctly state the law, that the motor driven bicycle is a motor vehicle under §6307-2 GC; that the appellant in the use of the highway has a right to assume that all other persons who use the highway for the operation of motor vehicles are required to use the same degree of care and that the legislative provisions for the regulation of traffic should have uniform application. We agree with the general proposition that the legislative provisions for the regulation of traffic should have uniform application, but are of the opinion that in the determination of any violation where the statutory obligation is not definitely fixed, the degree of care required may differ between adults and minors. The appellant has cited no authority which sustains his position, but on the contrary we find numerous cases to the effect that ordinary care in the case of a child is generally different than in the case of an adult. The leading case on this question seems to be that of **The Cleveland, Cincinnati, Chicago & St. Louis Ry. Co. v. Grambo, 103 Oh St 471,** the first syllabus of which provides:

"1. Children are not chargeable with the same care as persons of mature years. Although children are required to exercise ordinary care to avoid the injuries of which they complain, such care, as applied to them, is that degree of care which children of the same age, education and experience, of ordinary care and prudence, are accustomed to exercise under similar circumstances."

Also in **29 O. Jur. 560, Section 103,** it is said:

"Although children are required to exercise ordinary care to avoid the injuries of which they complain, such care, as applied to them, is that degree of care which children of the same age, education, and experience, of ordinary care and prudence, are accustomed to exercise under the same or similar circumstances. Children constitute a class of persons of less discretion and judgment than adults, of which fact all reasonably informed men are aware. Hence, ordinarily prudent men, reasonably expect that children will exercise only the care and prudence of children, and no greater degree of care should be required of them than is usual under the circumstances, among careful and prudent persons of the class to which they belong." See also cases cited.

We are therefore of the opinion that the court did not err in giving special charge No. 7.

We have examined all of the other assigned errors and are of the opinion that none are well grounded. Since we find no error in the record the judgment will be affirmed.

HORNBECK and WISEMAN, JJ, concur.