Patricia WILSON, by Kathryn Wilson, her next friend, Appellant,

v.

Charles R. SHUMATE, Respondent.

No. 45337.

Supreme Court of Missouri.

Division No. 1.

Dec. 10, 1956.

**74**

Charles T. Bloodworth, Jr., Poplar Bluff, Briney & Welborn, Bloomfield, for appellants.

· Hyde & Purcell, George R. Wilhoit, Jr., Poplar Bluff, for respondent.

COIL, Commissioner.

Patricia Wilson, by her next friend, recovered a verdict and judgment for $15,000 in her damage action for personal injuries allegedly resulting from defendant's negligence. The trial court sustained defendant's after-trial motion to set aside plaintiff's judgment and enter judgment for defendant on the grounds that plaintiff failed to make a submissible case and that plaintiff was contributorily negligent as a matter of law; and alternatively sustained defendant's motion for new trial for the stated reason or reasons that "the verdict is excessive and against the weight of the evidence." Plaintiff contends that the trial court erred in sustaining both motions.

■■■ To determine the submissibility of plaintiff's case and to determine whether plaintiff was, as a matter of law, contributorily negligent, we review the evidence from a standpoint favorable to plaintiff, giving her the benefit of any part of defendant's evidence favorable to her and not contrary to her fundamental recovery theory, giving her the benefit of all reasonable inferences from all the evidence, and disregarding defendant's evidence not favorable to plaintiff.

Patricia, 17 or 18 at the time of the accident, and two other high school girls rode in defendant's automobile as his guests from Poplar Bluff to Bolivar for the purpose of possible enrollment at Southwest Baptist College. On the return trip defendant drove, his wife was a front-seat passenger, and the three girls occupied the rear seat. When the automobile reached a place on Highway 21 north of its intersection with Highway 160, defendant suggested that he was extremely tired and that one of the girls drive. It developed that Patricia was the only one with a driver's license and consequently she became the driver, with the two other girls in the front seat and defendant and his wife occupying the rear seat. At the stop for the change in drivers, defendant had applied the emergency brake. Patricia released that brake and, after defendant's statement that the car was ready to go, proceeded southwardly on Highway 21. She had never before traveled that road and, while there were hills and curves, it was unnecessary for her to use, and she did not use or attempt to use, the foot brake until the time hereinafter noted.

Highway 21 joined Highway 160 in a T-junction, i. e., one had to turn either left or right off 21 onto 160. Patricia intended to turn left. The left turn into 160 was a "sharp curve," while the right turn was a "sweeping curve." When Patricia reached a sign north of 160 indicating the proximity of the T-junction, she was traveling about 30–35 miles per hour. She there reduced her foot pressure on the accelerator. That junction sign was 500–688 feet north of the north edge of Highway 160. At some point after she passed that sign (she did not know where), she pressed on the foot-brake pedal. The pedal went clear to the floor and had no slowing or stopping action. She tried to stop or slow "again and again" by working the pedal up and down, "screamed" that the brakes wouldn't hold, and thereupon ran into the embankment on the south side of Highway 160. She did not use or attempt to use the emergency brake. She did not turn or attempt to turn either left or right

on Highway 160 because she was going too fast. Her estimated speed at that time was some, but not much, less than 30–35 m.p.h. The other passengers were awakened by Patricia's screams concerning the brakes, and defendant leaned over from the back seat in an unsuccessful attempt to assist Patricia in avoiding an imminent collision with the embankment.

Patricia testified that defendant did not tell her anything about the condition of the brakes; she did not know that the foot brake was not in good working order; and she did not know that the emergency brake could be used as a hand brake to stop the automobile.

Defendant's automobile was a 1950 "used car" which he had owned for a month prior to the accident and which had traveled 50,000 miles at the time of purchase. It had 4-wheel hydraulic brakes. Defendant had had no work done on it, had never checked the brake fluid or added any, and had never had the brakes adjusted.

 Section 304.560(3) RSMo 1949, V.A.M.S., provides that "All motor vehicles, except motorcycles, shall be provided at all times with two sets of adequate brakes, kept in good working order, * *." If plaintiff's pleading sufficiently alleged, and her trial theory and submission of the case were on the theory, that defendant had violated that statute, then there can be no question but what plaintiff made a submissible case. Plaintiff's testimony, heretofore noted, that the brake pedal went clear to the floor as she "again and again" used it in an attempt to stop the automobile, that it failed to slow or stop but ran into the embankment, was sufficient evidence from which a jury reasonably could find that defendant's automobile was not equipped with two sets of brakes in good working order during the time plaintiff was driving and that the defective foot brake contributed to cause the collision. Defendant's failure to observe the duty or standard of care prescribed by the statute constituted negligence. In recognition, how-

ever, of the principle that the statute must be reasonably construed and applied, defendant could offer proof of legal excuse or avoidance of his failure to have observed the duty created by the statute, i. e., proof that an occurrence wholly without his fault made compliance with the statute impossible at the moment complained of and which proper care on his part would not have avoided. Upon adducing substantial evidence tending to so prove, it was then a jury question as to whether defendant was negligent for failure to have provided a foot brake in good working order. Lochmoeller v. Kiel, Mo. App., 137 S.W.2d 625, 630; and see, 65 C.J.S., Negligence, § 19 h, p. 426.

We have said above that the foregoing is true if plaintiff proceeded on the theory that defendant violated the statute mentioned above. We have so said because it is not entirely clear either from plaintiff's petition, the evidence adduced, or her instruction, that she did so proceed. The petition, evidence, and instruction are such that they are subject to the construction that plaintiff tried and submitted her case on the theory that defendant was guilty of common-law negligence in permitting plaintiff to drive his automobile when he knew or should have known that the brakes were defective and in failing to have warned plaintiff of their defective condition. That is because plaintiff's petition embraced that theory, she adduced some evidence at the trial for the purpose of attempting to prove defendant's prior knowledge of the defective brakes, and submitted in her main instruction a finding by the jury of defendant's prior knowledge, actual or constructive, of defective brakes. The petition, however, did contain the allegation that the brakes were defective, and the evidence offered by plaintiff as to defendant's prior knowledge thereof and the submission of that issue in plaintiff's instruction did not necessarily negative the proposition that plaintiff was relying on violation of the statute. That is because that evidence and that jury submission

would properly negative in plaintiff's instruction any legal excuse or avoidance of violation of the statute which defendant's evidence might support or which defendant might, but did not, submit. We may not, therefore, say with certainty that plaintiff did not proceed on the theory that defendant's negligence was in having violated the statute. Cf. Biscoe v. Kowalski, Mo. Sup., 290 S.W.2d 133, 137 [1, 2], [3]. Consequently, we hold that plaintiff made a submissible case and we need not determine whether plaintiff's evidence was sufficient to support the submission in her instruction of defendant's prior knowledge of the defective brakes because that hypothesized finding was surplusage in so far as presently concerns the question of plaintiff's submissible case.

■ Defendant contends that plaintiff was contributorily negligent as a matter of law. Whether one is guilty of contributory negligence depends upon the particular facts and circumstances surrounding the occurrence that caused the injury. Williamson v. St. Louis Public Service Co., 363 Mo. 508, 515, 252 S.W.2d 295, 299 [5]. Defendant points out that it was the duty of plaintiff to exercise the highest degree of care for her own safety and urges that her failure in the distance available from the junction sign to Highway 160 to have used the emergency brake or to have turned to the right or left at the highway and to have thereby adopted all available means to prevent the collision constituted a failure on her part to exercise the highest degree of care. We are of the view that defendant's contention in that respect is without merit. We have no doubt that plaintiff's negligence was a jury question.

■ Plaintiff's testimony was that she did not know where she first applied the foot brake after passing the junction sign. The jury reasonably could infer that she first applied the brake at a place which would be sufficiently far from the junction to cause the automobile to slow enough to permit her to make a left turn at the junc-

tion and that such a distance need not have exceeded a comparatively few feet. Plaintiff applied and reapplied the foot pedal several times as she was traversing that comparatively short distance. The repeated failure of the foot brake caused her to become excited and caused her to be faced with the choice of continuing her attempt to stop or slow enough with the foot brake to safely turn right or left, or to turn right or left at a speed she judged to be too fast. She was not aware of the effect an emergency brake might have and her time was limited. Her actions must be judged from the standpoint of one's action in an emergency created or brought about by defendant's negligence in failing to have a foot brake on his automobile in good working order. Wood v. St. Louis Public Service Co., 362 Mo. 1103, 246 S.W.2d 807. Whether, under all the circumstances, her failure to use the emergency brake or her failure to have turned right or left or her failure to have sooner discovered the defective condition of the foot brake constituted negligence, were jury questions. To hold otherwise, we must conclude that reasonable minds could not differ on those propositions. We may not so do. Wood v. St. Louis Public Service Co., supra, 246 S.W.2d 812 [6].

The trial court's order alternatively sustaining defendant's motion for a new trial on the ground that "the verdict is excessive and against the weight of the evidence" is ambiguous. We cannot be certain of its meaning. Defendant, however, contends that the trial court's order granting defendant a new trial was in any event correct because plaintiff's instruction 3–P was reversibly erroneous. That instruction was:

"The Court instructs the jury that with reference to the defense of contributory negligence, the burden of proof is not on the plaintiff to establish that at the time of the casualty mentioned in evidence, she was not guilty of contributory negligence, but, on the other hand, the burden is upon the defendant to establish such fact by the

greater weight or preponderance of the evidence.

"Negligence, if any, on the part of the plaintiff, such as will bar her recovery in this case, on the ground that she was guilty of contributory negligence, must be such negligence as to enter into and form a direct, producing and efficient contributory cause of the casualty and absent which the casualty would not have happened.

"You are further instructed that in considering whether or not plaintiff is guilty of contributory negligence, as defined in other instructions, you should take · into consideration plaintiff's age, her intelligence and discretion, and, if you find from the evidence that plaintiff did not possess the intelligence and discretion of an adult at the time of her injuries, then the jury may consider these facts in determining whether or not plaintiff was guilty of contributory negligence on the occasion in question."

 Defendant attacks the third paragraph. We are of the view that there can be no doubt that the instruction is reversibly erroneous. That obvious conclusion is for the reason that Section 304.010 RSMo 1949, V.A.M.S., provides in part that *"Every person* operating a motor vehicle on the highways of this state shall drive the same in a careful and prudent manner, and shall exercise the highest degree of care * * *." (Italics ours.) That statute makes no exception to the all-inclusive words "every person." The highest degree of care is defined as that care which a very careful and prudent person would ordinarily exercise under the same or similar circumstances. Burlingame v. Landis, 362 Mo. 523, 527, 242 S.W.2d

578, 580 [1]. It is apparent that the third paragraph of instruction 3–P set up a false standard for the jury's determination of whether plaintiff exercised the highest degree of care on the occasion in question. Plaintiff in this case was the *operator of a motor vehicle* and the standard under which she was to operate that vehicle was fixed by law. Consequently, her "age, her intelligence and discretion" and whether she did or did not "possess the intelligence and discretion of an adult" were not proper matters for the jury to consider in determining whether plaintiff exercised that degree of care that a very careful and prudent person would ordinarily have exercised under the same or similar circumstances.

It is true that the same standards do not apply to children of tender years as to adults in so far as contributory negligence of a child who is not a vehicle operator is concerned. Wilson v. White, Mo.App., 272 S.W.2d 1, 6 [10–12]. But that principle has no application to a situation in which one's negligence is to be judged by the same standard applying to "every person operating a motor vehicle on the highways."

The judgment is reversed and the trial court's order granting defendant a new trial is affirmed.

VAN OSDOL and HOLMAN, CC., concur.

PER CURIAM.

The *foregoing opinion by COIL, C., is* adopted as the opinion of the court.

All concur.