CARANO, APPELLANT, *v.* CARDINA, APPELLEE.

(No. 5136—Decided December 27, 1961.)

Messrs. *Sheck, Herndon & Bartlo,* for appellant.
Messrs. *Knowlton, Sanderson, Ragan & Cady,* for appellee.

STEVENS, P. J. This action in the Court of Common Pleas was one seeking recovery of damages for personal injuries suf-

fered by plaintiff as the result of being struck by an automobile driven by the defendant, a minor, 17 years of age. Negligence, both ordinary and per se, was charged in the petition.

A guardian ad litem was appointed to interpose a defense for said minor, and he filed an answer in which he denied "all of the material allegations contained in the petition prejudicial to the rights of said minor defendant, and asks that the rights of said minor defendant be protected."

The issues made by the pleadings were negligence of the defendant and, of course, proximate cause.

The evidence presented at the trial raised an inference of contributory negligence of plaintiff, sufficient to impel the trial court to charge upon that subject, even though contributory negligence had not been pleaded in the answer.

The result of the trial in the Court of Common Pleas was the return of a general verdict for defendant, upon which judgment was thereafter entered. This appeal on questions of law presents two assignments of error.

1. Charging, in the general charge, that *ordinary care*, as it pertained to the defendant, a minor of 17 years of age, was "that degree of care that ordinary, careful and cautious automobile drivers of the age of 17 years who are possessed with like experience, education, ability, mental and physical capabilities as the defendant, are accustomed to use under like or similar circumstances. In other words, a young man of 17 years of age is not chargeable with the same standard of care as is an adult. To determine his standard of care you will consider the defendant's age, his education, his experience with automobiles, his training and knowledge concerning traffic rules, and his mental and physical capabilities, all as of the time of the collision. And then after determining this standard or degree of care that such young men would or should exercise under the same or similar circumstances, you will determine whether by the degree of proof charged the defendant met that standard or fell below it. If he met the standard and exercised that degree of care reasonably to be expected of him under the existing circumstances, then you will say he is not guilty of negligence in this respect. But, if you find by the degree of proof charged that he fell below the standard of care, then you will say he was negligent."

2. Charging on the defense of contributory negligence,

This court had before it the question of the degree of care required to be exercised by a college student 19 years of age in the observance of specific statutory requirements in the operation of a motor vehicle on the public highways. *Karr, a Minor, v. McNeil, a Minor,* 92 Ohio App., 458.

It was there held in paragraph one of the syllabus:

"1. A college student, 19 years of age, has the same obligations as a noninfant in the observance of specific statutory requirements in the operation of a motor vehicle on the public highways, and a violation thereof by such minor constitutes negligence as a matter of law; and, if such negligence proximately causes injury to another, the minor may be properly held to respond in damages for the tort."

There is presented in this appeal the question of the degree of care required to be exercised by a 17-year-old operator of a motor vehicle on the public highway, in the observance of the rules of common-law primary negligence, where the alleged negligence of the minor operator assertedly proximately causes injury to another user of the highway. Shall the minor defendant be charged, as was here done, under the subjective standard of that degree of care usually exercised by ordinary, careful and cautious automobile drivers of the age of 17 years, who are possessed of like experience, education, ability, and mental and physical capabilities, as the defendant; or under the objective adult standard of a reasonably prudent adult?

Concededly, the charge, as here given, conformed to the rules heretofore applied to the common-law primary negligence of minor operators of motor vehicles upon the public highways. However, there has been called to our attention the decision of the Supreme Court of Minnesota, of March 3, 1961, in the case of *Dellwo* v. *Pearson,* — Minn., —, 107 N. W. (2d), 859. The second paragraph of the syllabus, by the court, states:

"2. In the operation of an automobile, airplane, or power boat, a minor is to be held to the same standard of care as an adult."

In the course of the opinion, at page 863, the following appears:

"To give legal sanction to the operation of automobiles by teen-agers with less than ordinary care for the safety of others is impractical today, to say the least. We may take judicial no-

tice of the hazards of automobile traffic, the frequency of accidents, the often catastrophic results of accidents, and the fact that immature individuals are no less prone to accidents than adults. While minors are entitled to be judged by standards commensurate with age, experience, and wisdom when engaged in activities appropriate to their age, experience, and wisdom, it would be unfair to the public to permit a minor in the operation of a motor vehicle to observe any other standards of care and conduct than those expected of all others. A person observing children at play with toys, throwing balls, operating tricycles or velocipedes, or engaged in other childhood activities may anticipate conduct that does not reach an adult standard of care or prudence. However, one cannot know whether the operator of an approaching automobile, airplane, or powerboat is a minor or an adult, and usually cannot protect himself against youthful imprudence even if warned. Accordingly, we hold that in the operation of an automobile, airplane, or powerboat, a minor is to be held to the same standard of care as an adult.''

The members of this court are unanimous in their approval of the above-quoted reasoning and conclusion.

We are of the opinion that the rule, as stated above in the syllabus by the Minnesota court, should be announced as the rule in Ohio, applicable to minor operators of motor vehicles upon the highways of this state. Such an announcement would bring the standard of care to be exercised by a minor motor vehicle operator, charged with common-law primary negligence, into conformity with the rule announced by this court as to violation of a specific requirement in the *Karr* v. *McNeil case, supra.*

We accordingly hold that, because the court charged the subjective, rather than the objective, rule of liability as to a 17-year-old minor motor vehicle operator upon the highways, it erred to the prejudice of plaintiff, and that the judgment for defendant should be reversed and the cause remanded. See also: *Wilson* v. *Shumate* (Mo. S. C.), 296 S. W. (2d), 72, head-note 10, and page 77 of opinion; *Hill Transportation Co.* v. *Everett*, 145 F. (2d), 746, headnote 3, and page 747 of opinion; 2 Harper & James, The Law of Torts, Section 16.8, note 12 at page 926.

We find no error in charging upon the subject of contribu-

tory negligence, where there was evidence in the record which raised that question, although the defense of contributory negligence was not pleaded by defendant.

In *Centrello, a Minor,* v. *Baskey,* 164 Ohio St., 41, at page 47, Zimmerman, J., stated:

"This court has held in several instances that, even though the pleadings do not raise the issue of contributory negligence, if it arises in a case by virtue of the evidence, the court should charge on that subject. *Bradley* v. *Cleveland Ry. Co.,* 112 Ohio St., 35, 146 N. E., 805; *Fries* v. *Cincinnati St. Ry. Co.,* 138 Ohio St., 537, 37 N. E. (2d), 193; 29 Ohio Jurisprudence, 785, Section 234. Compare *Schreiber* v. *National Smelting Co.,* 157 Ohio St., 1, 104 N. E. (2d), 4."

The judgment is hereby reversed, and the cause remanded for further proceedings in conformity to this opinion.

*Judgment reversed.*

HUNSICKER and DOYLE, JJ., concur.