196 So.2d 773 (1967)
Francisco L. MEDINA, Jr., a Minor, by and through His Father and Next Friend, Francisco L. Medina, and Francisco L. Medina, Individually, Appellants,
v.
Malcolm McALLISTER, Appellee.
No. 65-1039.
District Court of Appeal of Florida. Third District.
March 21, 1967.
Rehearing Denied April 10, 1967.
*774 Horton & Schwartz, Miami, Marvin Weinstein, Miami Beach, for appellants.
Sherouse & Corlett, Sam Daniels, Miami, for appellee.
Before CARROLL, BARKDULL and SWANN, JJ.
CARROLL, Judge.
This is an appeal by the plaintiffs below from an adverse judgment rendered on a jury verdict. The action arose from a collision on a public street in Miami between a motor scooter operated by the minor plaintiff then aged 14 years, and an automobile owned and operated by the defendant-appellee. The issues of negligence and contributory negligence, on which the evidence was in conflict, were resolved by the jury in favor of the defendant.
Appellants make two contentions. First, that the trial court committed error by refusing plaintiffs' request to charge the jury that in determining the issue of contributory negligence of the minor he was to be held only to the "exercise of that care which an ordinary prudent child of the same age and capacity would use in the same situation." Second, that the court erred in failing to include due reference to proximate cause in charging the jury, in answer to their question, that plaintiffs would not be entitled to recover if both the minor plaintiff and the defendant were guilty of negligence. Upon consideration of those contentions in the light of the record and briefs we find no reversible error, and affirm.
On the first point appellant seeks the benefit of a rule that in considering a claim of negligence of a child account should be given to his propensity to act on childish instincts and impulses and without the knowledge of physical causes and results which usually is acquired only through age and experience, citing City of Jacksonville v. Stokes, Fla. 1954, 74 So.2d 278. We hold the rule does not apply to the conduct of a minor in the operation of a motor vehicle on the public streets or highways.
A minor of an age sufficient to be granted a motor vehicle operator's license, regular or restricted, who assumes the responsibility for operation of a potentially dangerous instrumentality such as a motor vehicle, should be held to assume responsibility for care and safety in its operation in the light of adult standards, whether the minor is charged with primary or contributory negligence.[1] This holding accords with the trend disclosed in recent decisions on this question in other states. The cases are collected in an annotation, 97 A.L.R.2d 872, 876-878. See also, more recently decided, Prichard v. Veterans Cab Company, (1965) 63 Cal.2d 727, 47 Cal. Rptr. 904, 408 P.2d 360; Adams v. Lopez, 1965, 75 N.M. 503, 407 P.2d 50; Powell v. Hartford Accident & Indemnity Co., Tenn. 1966, 398 S.W.2d 727; Daniels v. Evans, N.H. 1966, 224 A.2d 63.
When minors are engaged in activities fitting their age, such as walking, running, playing games, riding bicycles, or other childish pursuits, it is proper that their conduct should be tested by what is reasonable under the circumstances, among which are the age, experience and state of mental development of the child or minor involved. But to accord more lenient standards to a minor than would be applied to an adult when judging his conduct in operating a motor vehicle, whether it be an automobile, *775 motorcycle, motorbike or motor scooter, would be unrealistic, contrary to legislative requirements for operation of such motor vehicles, and inimical to the safety of the public. We hold, therefore, that the trial judge was eminently correct in refusing the plaintiffs' request to charge, in effect, that the standard of care applicable to a minor in the operation of a motor vehicle on the public streets and highways should be judged by a different and more lenient standard than would be applied to an adult.
On the appellants' second point, examination of the charges given by the trial court, including that in answer to the jury's question, reveals that the court did not, as appellants contend, fail to include appropriate reference to causation.
Affirmed.
NOTES
[1] As shown in the annotation in 97 A.L.R. 2d 872, infra, some jurisdictions which hold a minor motorist to an adult standard of care for his primary negligence apply a more lenient rule for his contributory negligence, but we can observe no sound basis for so doing.