202 So.2d 755 (1967)
Francisco L. MEDINA, Jr., a Minor, by and through His Father and Next Friend et al., Petitioners,
v.
Malcolm McALLISTER, Respondent.
No. 36446.
Supreme Court of Florida.
September 27, 1967.
*756 Marvin Weinstein, Miami Beach and Horton & Schwartz, Miami, for petitioners.
Sherouse & Corlett and Sam Daniels, Miami, for respondent.
WHITE, JOS. S., Circuit Judge (Retired).
This case comes here by way of petition for writ of certiorari and certified question.
The record sent here pursuant to the writ discloses that controversy arose when petitioners, a fourteen year old boy, by next friend, and his father, brought suit claiming that the boy, while operating a motor driven cycle, identified in the pleadings as a "1962 Vespa scooter", was injured in a traffic collision on a public street. One of the defenses was contributory negligence on the part of the fourteen year old operator of the motor "scooter". Upon trial a jury verdict for the defendant resulted and final judgment was entered accordingly.
Plaintiffs appealed to the Court of Appeal, Third District. That Court affirmed the judgment and at the same time certified to this Court the question "whether contributory negligence of a minor in the operation of a motor vehicle on public streets or highways should be judged by adult standards, or by the more lenient standards applied to children or minors generally."
In affirming the judgment the Court of Appeal stated:
"A minor of age sufficient to be granted a motor vehicle operator's license, *757 regular or restricted, who assumes the responsibilities for operation of a potentially dangerous instrumentality such as a motor vehicle, should be held to assume responsibility for care and safety in its operation in the light of adult standards, whether the minor is charged with primary or contributory negligence." See Medina v. McAllister, Fla.App. 1967, 196 So.2d 773.
Petitioners challenge this ruling and in addition urge review of the further ruling by the Court of Appeal that there was no impropriety in the procedure in the trial court when, during their deliberations, the jury returned to the courtroom with a request for additional instructions on the legal effect of contributory negligence on plaintiffs' right to recover.
The Court considers first the certified question.
Statute 322.03, F.S.A., provides that operators of motor vehicles upon public streets and highways must be licensed by the Department of Public Safety. Issuance of such a license to a person under the age of sixteen years is prohibited, with the exception that a restricted license may be issued to a person who is at least fourteen years of age. Statute 322.16 provides for issuance of a special restricted license to a minor who is at least fourteen years of age for operation of "motorcycles, motor scooters, or motor bikes." Statute 322.12 requires the Department to conduct an examination of applicants for restricted operator's licenses which "shall include a test of the applicant's eye-sight, his ability to read and understand highway signs regulating, warning and directing traffic and his knowledge of the traffic laws of this state, and shall include an actual demonstration of ability to exercise ordinary and reasonable control in the operation of a motor vehicle."
It will be observed that this test refers to qualifications which of necessity must be possessed by every operator, adult or minor, of motor vehicles, on the public streets to protect others from harm. The applicant for the license must demonstrate a knowledge of traffic regulations, an adeptness in motor vehicle operation and the "ability to exercise ordinary and reasonable control in the operation of a motor vehicle."
The conclusion is inescapable that the legislature in granting to a fourteen year old minor the privilege to operate his "motor scooter" upon public streets under these conditions intended that he should, at the same time, assume the obligations and responsibilities imposed upon fellow travelers. Such a requirement is sound, logical and legitimate. It is supported by respected authority to which reference is made in the opinion of the Court of Appeal. See Medina v. McAllister, supra.
Thus, the certified question is answered by giving approval to the principle stated by the Court of Appeal and above quoted.
Petitioners also contend that the trial judge committed prejudicial error in his manner of dealing with a request of the jury during their deliberations for additional instructions.
In this connection the record reveals that the jury returned to the courtroom not once, but twice, to request further instructions. This is what occurred on their second appearance:
"THE COURT: What portion of the law did you question or wish me to clarify?
"THE FOREMAN: If both the plaintiff and the defendant are guilty of negligence to any degree, can there be a recovery for the plaintiff?
"THE COURT: Under the law in our state, the negligence must be appreciable. It 
*758 "MR. SHEROUSE: Do you want your dictionary?
"THE COURT: Yes
"Appreciable is a term we use in the law which means generally, generally contributing to or part thereof. I will try to define it better if I can get my words and phrases book.
"Appreciable means sufficient in amount or extent to be recognized or estimated, as an appreciable quantity. I am not sure I have explained it fully enough to you. I am trying to be conscientious in my selection of words to you in trying to answer the question.
"Do you think you understand me at this stage?
"JUROR NO. 6: What we are more interested in is that last paragraph you told us before we went in again, the last statement you made.
"THE COURT: About the last thing I said, the last paragraph?
"JUROR NO. 6: Before we went in the first time.
"THE COURT: Before you went in the first time?
"JUROR NO. 6: No, the last time.
"THE COURT: This is regarding the same subject the other juror asked about?
"JUROR NO. 6: Yes.
"THE COURT: The last paragraph of my actual instructions was the law does not allow you to find both parties guilty of negligence and then determine among yourselves, between the plaintiff and the defendant, who is guilty of the greater degree of negligence. For losses resulting from such mutual negligence, as I have described herein, neither party can recover and the law leaves them where it finds them.
"JUROR NO. 6: That was it.
"JUROR NO. 1: Does this mean that if the plaintiff and the defendant are guilty of appreciable negligence, there cannot be a recovery for either side  for the plaintiff?
"THE COURT: That is true."
Petitioners argue that "it is `false' that plaintiff cannot recover merely because `both the plaintiff and defendant are guilty of appreciable negligence * * *'"; that the Court's answer excluded the rule of "proximate cause".
Upon examination of the entire charge it is found that the trial judge in his initial instruction defined "proximate cause" and explained its relation to the defense of contributory negligence. After correctly defining the term he stated: "If you find that the plaintiff has been guilty of what we call, in the law, contributory negligence which proximately contributed to his own injury, then there can be no recovery. If you find that the minor plaintiff has been guilty of negligence directly and proximately contributing to his own injury in any approximate degree, he cannot recover and your verdict, in that event, should be for the defendant." (Emphasis added.)
The term "appreciable" negligence in connection with the defense of contributory negligence was used by this Court in Bessett v. Hackett, Fla. 1953, 66 So.2d 694, as follows: "It is only when negligent acts on the part of the plaintiff have a direct causal relation, or contribute in some appreciable degree, to the injury that recovery is precluded." (Emphasis added.) See, also, Kuhn v. Telford, Fla.App. 1959, 115 So.2d 36 and Bohlmann v. Booth, Fla. App. 1967, 196 So.2d 507.
Thus, there is nothing improper or offensive in the use of the term "appreciable" *759 in explaining the degree of negligence on plaintiff's part which will bar recovery. The trial judge was careful to define the term as meaning "sufficient in amount or extent to be recognized or estimated, as an appreciable quantity." Plaintiff's contributory negligence, even in a slight degree, bars recovery if it is a proximate cause of the occurrence. On two different occasions the jury was informed that to bar recovery plaintiff's contributory negligence must be a proximate cause of his injury.
When one considers the charge in its entirety it seems clear that the jury was in nowise misled. Accordingly, the writ of certiorari is discharged and the certified question answered as has been stated.
CALDWELL, C.J., and DREW, THORNAL and ERVIN, JJ., concur.