[No. 2343-3. Division Three. May 25, 1978.]

WILLIAM ROBINSON, *as Guardian, Respondent,* v.
JOHN LINDSAY, ET AL, *Appellants.*

*Huppin, Ewing, Anderson & Hergert, P.S.*, and *Robert F. Ewing*, for appellants.

*Malott & Southwell, P.S.*, and *Robert A. Southwell*, (*Richard C. Eymann*, of counsel), for respondent.

MUNSON, C.J.—Defendants appeal from an order granting a new trial after a jury verdict in favor of the defendants.

Plaintiff Kelly Robinson was 11 years old at the time of a snowmobile accident. She had cajoled her family into allowing her to join the Lindsay family and the Anderson family on a snowmobile outing in the mountains. Billy Anderson's mother had allowed him to operate Mrs. Lindsay's snowmobile; Mr. Anderson and Mr. Lindsay were off on other snowmobiles somewhere in the mountains. The mothers knew Billy was going to pull other children on an inner tube attached to the snowmobile by a rope and observed this occurring. While engaging in this activity, Kelly Robinson's thumb was caught in the tow rope and severed. Through responsive action by the Andersons, the

Lindsays and excellent medical care, the thumb was reattached and, although not fully functional, is at least present.

The court instructed the jury pursuant to Washington Pattern Jury Instructions 10.05 as follows:

> In considering the claimed negligence of a child, you are instructed that it is the duty of a child to exercise the same care that a reasonably careful child of the same age, intelligence, maturity, training and experience would exercise under the same or similar circumstances.

Plaintiffs made a proper exception to the giving of this instruction and the failure of the court to give WPI 10.02.

After the jury returned a verdict for the defendants, a new trial was ordered on grounds that the court had given an improper standard of care, *i.e.*, WPI 10.05, and should have given the instruction relating to an adult standard of care, *i.e.*, WPI 10.02. The defendants contend the court erred in granting plaintiff's motion for new trial. We disagree.

This is a case of first impression in this state, inasmuch as the Washington courts have never addressed the issue of the standard of care required of a juvenile who engages in adult mechanized activities. The issue, however, has been addressed in numerous other states with varying and different results. *See Annot., Age of minor operator of automobile or other motor–powered vehicle or craft as affecting his primary or contributory negligence*, 97 A.L.R.2d 872 (1964); Restatement (Second) of Torts, ch. 12, § 283A, comment *c*, p. 16 (1965); W. Prosser, *Torts* § 32 at 156–57 (4th ed. 1971).

At the time of this accident, Billy Anderson was 13, had had experience operating the snowmobile in the mountains and in the schoolyard when conditions permitted; this experience included pulling an inner tube attached by a tow rope.

Many cases hold that a minor engaged in an adult activity be held to the standard of care of a reasonable adult.[1]

---

[1] In the following cases, a minor engaged in an adult activity was held to the

There are other cases where it appears a minor operating a motor vehicle was held to the standard of care conforming to his age. In a subsequent case, without commenting on the previous case, the standard of care of an adult was applied to a minor operating a motorized vehicle.[2] A third group of cases have consistently held that regardless of the

standard of care of a reasonable adult. *Jackson v. McCuiston,* 247 Ark. 862, 448 S.W.2d 33 (1969) (minor operator of tractor held to adult standard partially because the minor had been taught to be proficient in the operation of the tractor); *Prichard v. Veterans Cab Co.,* 63 Cal. 2d 727, 408 P.2d 360, 47 Cal. Rptr. 904 (1965), overruling *Goodwin v. Bryant,* 227 Cal. App. 2d 785, 39 Cal. Rptr. 132 (1964); *Wagner v. Shanks,* 56 Del. 555, 194 A.2d 701 (1963) (minor driving an automobile held to adult standard of care; plus under the guest statute the minor was held to an adult standard of care as to his passengers); *Madina v. McAllister,* 202 So. 2d 755 (Fla. 1967) (minor operating motor scooter); *Sheetz v. Welch,* 89 Ga. App. 749, 81 S.E.2d 319 (1954) (minor operating motor scooter); *Goodfellow v. Coggburn,* 98 Idaho 202, 560 P.2d 873 (1977) (minor operating farm tractor on roadway); *Ewing v. Biddle,* 141 Ind. App. 25, 216 N.E.2d 863 (1966) (minor operating go–cart); *Allen v. Ellis,* 191 Kan. 311, 380 P.2d 408 (1963) (minor operating motor vehicle, opinion based primarily on statute requiring licensing); *Williams v. Esaw,* 214 Kan. 658, 522 P.2d 950 (1974), overruling *Harvey v. Cole,* 159 Kan. 239, 153 P.2d 916 (1944) (minor operating motorcycle); *Dellwo v. Pearson,* 259 Minn. 452, 107 N.W.2d 859, 97 A.L.R.2d 866 (1961) (minor operating motorboat); *Goss v. Allen,* 70 N.J. 442, 360 A.2d 388 (1976) (beginning skier held to child's standard of care, but the court commented that minors engaged in activities which were potentially hazardous, *i.e.,* operating a motor vehicle or a motorboat or hunting would be held to an adult standard of care); *Adams v. Lopez,* 75 N.M. 503, 407 P.2d 50 (1965) (minor operating a motor scooter); *Neumann v. Shlansky,* 58 Misc. 2d 128, 294 N.Y.S.2d 628 (1968) (a minor who had taken golf lessons and played golf regularly was held to an adult standard of care; the situation was analogous to a minor operating a motorboat, airplane, motor vehicle, or motorcycle); *Baxter v. Fugett,* 425 P.2d 462 (Okla. 1967) (minor driving a motor vehicle); *Nielsen v. Brown,* 232 Ore. 426, 374 P.2d 896 (1962) (minor operating a motor vehicle); *McIntyre v. Pope,* 326 Pa. 172, 191 A. 607 (1937) (minor passenger held to an adult standard of care on the issue of contributory negligence); *Renegar v. Cramer,* 354 S.W.2d 663 (Tex. Civ. App. 1962) (minor operating a motor vehicle); *Nelson v. Arrowhead Freight Lines,* 99 Utah 129, 104 P.2d 225 (1940) (minor operating a motor vehicle).

[2]*Perricone v. DiBartolo,* 14 Ill. App. 3d 514, 302 N.E.2d 637 (1973) (minor operating a motor vehicle held to an adult standard of care), *but see Wolf v. Budzyn,* 305 Ill. App. 603, 27 N.E.2d 571 (1940) which holds contrary; *Wilson v. Shumate,* 296 S.W.2d 72 (Mo. 1956) (minor operating motor vehicle held to adult standard of care), *but see Roques v. Butler County R.R.,* 264 S.W. 474 (Mo. Ct. App. 1924) (minor operating motor vehicle held to standard of care conforming to his age when crossing a railroad); *Carano v. Cardina,* 115 Ohio App. 30, 184 N.E.2d 430 (1961) (minor operating motor vehicle held to adult standard of care),

activity a child is held to the standard of care conforming to his age.[3]

■ Perhaps the leading case expounding the position that a minor involved in an adult activity is held to an adult standard of care is *Dellwo v. Pearson,* 259 Minn. 452, 458, 107 N.W.2d 859, 863, 97 A.L.R.2d 866 (1961), stating:

> To give legal sanction to the operation of automobiles by teen–agers with less than ordinary care for the safety of others is impractical today, to say the least. We may take judicial notice of the hazards of automobile traffic, the frequency of accidents, the often catastrophic results

---

*but see Hemmelgarn v. Bailey,* 61 Ohio L. Abs. 179, 104 N.E.2d 50 (Darke County Ct. 1950) (minor on motorized bike held to standard of care conforming to his age); *Powell v. Hartford Accident & Indem. Co.,* 217 Tenn. 503, 398 S.W.2d 727 (1966) (minor operating motorbike held to standard of care of adult), *but see Williams v. Black,* 147 Tenn. 331, 247 S.W. 95 (1923) and *Prater v. Burns,* 525 S.W.2d 846 (Tenn. Ct. App. 1975) (under statutory interpretation, the court determined that a minor could own his own hunting rifle without any regard to the minor's age, and thus standard of care was dependent upon the minor's age). *See also Gremillion v. State Farm Mut. Ins. Co.,* 331 So. 2d 130 (La. Ct. App. 1976) (stating in dicta that when engaged in an activity requiring knowledge peculiar to adults, a minor should be held to an adult standard of care; here the court determined that a child swinging a golf club in a friend's yard was not such an activity); *but see Faia v. Landry,* 249 So. 2d 317 (La. Ct. App. 1971) (wherein the court affirmed the trial court's determination that an 8 1/2–year old child was not capable of negligence; the court stated that the standard of care applicable was that of children of the same age, intelligence, etc.); *see also Charbonneau v. MacRury,* 84 N.H. 501, 153 A. 457, 73 A.L.R. 1266 (1931) (the court in determining the standard of care applicable to a minor driving a motor vehicle stated:

> The understanding of this court that the general standard of care governing the conduct of adults, namely, reasonable care under all the circumstances, applies as well to minors as to adults, and that infancy and want of experience of the latter are merely evidential factors to be weighed with the other circumstances, . . .

*Charbonneau v. MacRury, supra* at 511); *but see Daniels v. Evans,* 107 N.H. 407, 408, 224 A.2d 63 (1966) (wherein the court, after citing *Charbonneau v. MacRury, supra,* as authority that the standard of care applicable to a minor includes consideration of the minor's age, experience and wisdom "when engaged in activities appropriate to . . . [the minor's] age, experience and wisdom" went on to hold that a minor operating a motor vehicle was held to the standard of care of an adult).

[3]*See Overlock v. Ruedemann,* 147 Conn. 649, 165 A.2d 335 (1960); *Rines v. Rines,* 97 N.H. 55, 80 A.2d 497 (1951) (applying Maine law); *Bear v. Auguy,* 164 Neb. 756, 83 N.W.2d 559 (1957); *Hoke v. Atlantic Greyhound Corp.,* 226 N.C. 692, 40 S.E.2d 345 (1946).

of accidents, and the fact that immature individuals are no less prone to accidents than adults. While minors are entitled to be judged by standards commensurate with age, experience, and wisdom when engaged in activities appropriate to their age, experience, and wisdom, it would be unfair to the public to permit a minor in the operation of a motor vehicle to observe any other standards of care and conduct than those expected of all others. A person observing children at play with toys, throwing balls, operating tricycles or velocipedes, or engaged in other childhood activities may anticipate conduct that does not reach an adult standard of care or prudence. However, one cannot know whether the operator of an approaching automobile, airplane, or powerboat is a minor or an adult, and usually cannot protect himself against youthful imprudence even if warned. Accordingly, we hold that in the operation of an automobile, airplane, or powerboat, a minor is to be held to the same standard of care as an adult.

(Footnote omitted.)

Defendants first contend that *Dellwo* is not applicable because that case involved a minor driving a motorboat which collided with another motorboat belonging to a stranger; whereas, in the instant case, the parties knew each other and the plaintiff was being pulled by the vehicle driven by the defendant. Therefore, defendants contend, since the parties knew each other, it was not similar to the situation in *Dellwo*. The real issue here is whether a minor operating a mechanized vehicle should be held to the same standard of care as an adult.[4] It is immaterial that the participants are strangers.

Defendants attack a second rationale for applying the adult standard of care to a minor engaged in an adult activity, *i.e.*, protection of the general public at large by regulation and licensing. Defendants contend that RCW 46.10.020[5] is an indicia of a public policy that, if an adult

---

[4]At what minimum age this standard should apply is an issue not raised.

[5]RCW 46.10.020:

"Except as provided, in this chapter, no person shall operate any snowmobile

standard of care is applicable to snowmobiling, it is applicable only when snowmobiling occurs on public roads and highways. We find defendants' arguments unpersuasive; snowmobiling is a common activity which primarily occurs in areas other than public roads and highways. Thus, it would be unreasonable to construe that legislation as intending to express a policy that protection from snowmobile operators would be afforded only to persons on public roads and highways.

The third rationale for the adult standard of care which the defendants would have us distinguish is that snowmobiling is not necessarily an activity normally undertaken only by adults and for which adult qualifications are required. Defendants assert children of all ages operate snowmobiles, and therefore their operation should be judged by the child standard of reasonable care. We disagree. We believe public policy favors the adult standard. As stated in *Neumann v. Shlansky,* 58 Misc. 2d 128, 132, 294 N.Y.S.2d 628, 633 (1968):

> The underlying theory of this view would seem to be that the very nature of a power–driven vehicle makes it a dangerous instrument whether driven by an adult or a child since it obviously makes little difference to the maimed pedestrian or occupant of a vehicle that his mechanized nemesis was a minor.

Lastly, the defendant contends that the giving of the instruction was harmless error. We disagree; the giving of an erroneous standard of care instruction, particularly in a negligence case, is inherently prejudicial. *Johnson v. Howard,* 45 Wn.2d 433, 275 P.2d 736 (1954).

The order granting the new trial is affirmed.

GREEN and McINTURFF, JJ., concur.

Reconsideration denied June 27, 1978.

Review granted by Supreme Court November 17, 1978.

---

within this state after August 9, 1971 unless such snowmobile has been registered in accordance with the provisions of this chapter."