These appeals present a question of first impression: Is a minor held to an adult standard in determining whether his conduct while operating a motor vehicle is wilful or wanton? We hold he is.
Appellee, David Dethrage, a minor, filed his action against appellant, Steven Gunnells, also a minor, to recover damages for personal injuries received while a passenger in an automobile driven by Gunnells. Dethrage had accompanied Gunnells on a late night trip from Birmingham to Anniston. During the trip Gunnells fell asleep at the wheel, and the automobile left the road and struck a bridge abutment. Fred Dethrage, David's father, also brought suit to recover for loss of services of his minor son and the medical expenses incurred on account of his son's injuries. The cases were consolidated for trial, and the jury returned a verdict of $25,000 for David Dethrage and $5,000 for Fred Dethrage. Gunnells' motions for new trial were overruled in each case and he appeals.
Gunnells contends the trial court committed reversible error by refusing to instruct the jury that, in determining whether Gunnells' conduct was willful or wanton, the standard by which he is judged is that reasonable to expect from children of like age, intelligence and experience.
We disagree.
The overwhelming majority of jurisdictions hold minors to an adult standard in determining whether their conduct while engaging in an adult activity is negligent. See e.g., Robinson v.Lindsay, 20 Wn. App. 207, 579 P.2d 398 (1978); Prosser, Law ofTorts, § 32, pp. 156-57 (4th Ed. 1971); Annot., 97 A.L.R.2d 872 (1964). The prevailing view is that a minor who enters upon an adult activity such as the operation of a motor vehicle must exercise a commensurate degree of responsibility. Motor vehicles are dangerous instrumentalities and public safety demands that all who operate them exercise the same degree of care and competency. We adopt this view *Page 1106 
Gunnells, and some authorities, maintain that a minor should not be held to an adult standard because he cannot, in fact, meet it. See Wittmeier v. Post, 78 S.D. 520, 105 N.W.2d 65 (1960). Assuming, arguendo, this to be true, it is of little consolation to the innocent victim of a minor's negligent or wanton conduct. The victim usually cannot predetermine the age of drivers he encounters on the road in order to compensate for their minority.
This court in Tindell v. Guy, 243 Ala. 535, 10 So.2d 862
(1942), held a person using a highway has the right to assume, without facts warning him otherwise, that other persons using the public highway will do so in a lawful manner. There is no room on the highways for multiple standards of conduct.
Additionally, we see no distinction between those cases involving negligent conduct and those involving wanton or wilful conduct. The policy reasons for holding all motorists to the same standard remain applicable. See e.g., Wagner v. Shanks, 56 Del. 555, 194 A.2d 701 (1963); Nielson v. Brown, 232 Or. 426,374 P.2d 896 (1962); Fuller v. Wiles, 151 Ind. App. 417, 280 N.E.2d 59
(1972).
Gunnells contends he should not be held to an adult standard because wantonness, unlike negligence, involves intent. Thus, he argues, if he is to be punished for his intent instead of his act, he should be judged by a standard reasonable to expect from children of like age, intelligence and experience.
This contention fails to accurately identify the crucial element of wantonness. It is not intent, but knowledge, which is crucial to wantonness. No intent to injure is necessary. Wantonness is the doing of some act or omission to do some act with reckless indifference to the knowledge that such act or omission will likely or probably result in injury. See Whaley v.Lawing, 352 So.2d 1090 (Ala. 1977).
In determining whether a minor has knowledge of the circumstances and the probable consequences of his acts or omissions on the highways, he must be held to the same standard as all other users of the highways. Neither the licensing statute, § 32-6-1, Code 1975, nor the the guest statute, §32-1-2, Code 1975, indicate there should be more than one standard. We will not now judicially recognize, or initiate, any lower standard.
Gunnells also contends the jury verdicts were not supported by the weight of the evidence. The verdicts, however, are presumed to be correct and we find nothing in the record to rebut that presumption. Gunnells testified he "might have had a little bit of drowsiness" and that the car had drifted over the center line and back just prior to the accident. There was also testimony by Greg Gossett, the ambulance driver, that Gunnells had told him he had dozed off two or three times before the accident. According to David Dethrage, Gunnells told him he had run off the road two times prior to the wreck.
In Lankford v. Monk, 283 Ala. 24, 214 So.2d 301 (1968), this court held evidence of premonitory symptoms of sleep warranted submission to the jury the question of whether a defendant's falling asleep at the wheel was wanton conduct. We hold the evidence of premonitory symptoms presented in these cases supports the verdicts of the jury.
The circuit court correctly charged the jury that a minor is held to an adult standard in determining whether his conduct while operating a motor vehicle is wilful or wanton. The jury's verdicts finding Gunnells' conduct to be wilful or wanton were supported by the weight of the evidence. The judgments of the circuit court must, therefore, be affirmed.
AFFIRMED.
TORBERT, C.J., and BLOODWORTH, FAULKNER and ALMON, JJ., concur. *Page 1107