539 So.2d 583 (1989)
Raymond BONDS, Jr., Raymond Bonds, Sr. and Goldie Bonds, Appellants,
v.
Wayne S. FLEMING, Appellee.
No. 88-1082.
District Court of Appeal of Florida, Fifth District.
March 9, 1989.
*584 Sam Baxter Bardwell of Sam Baxter Bardwell, P.A., Titusville, for appellants.
Thomas G. Kane of Kane & Williams, P.A., Orlando, for appellee.
COBB, Judge.
The issue on this appeal is whether the driver of an automobile has a legal duty to ascertain that his inebriated passenger is secured by a seat belt and, if not, whether such a driver should, nonetheless, be estopped from relying upon the affirmative seat belt defense.
The plaintiff below, Raymond Bonds, Jr., alleged that the defendant, Fleming, negligently operated a motor vehicle causing him injury. Fleming answered with an affirmative seat belt defense pursuant to Insurance Company of North America v. Pasakarnis, 451 So.2d 447 (Fla. 1984). Bonds replied as an avoidance to the affirmative defense that at the time of the accident he was unconscious and unable to operate the seat belt, that Fleming knew he was unconscious, and that his unconsciousness was due to Fleming, an adult, having procured alcoholic beverages for Bonds, a minor. Fleming moved to strike the reply on the basis that he had no duty to insure that Bonds was wearing a seat belt. Fleming moved for summary judgment and before the hearing the parties stipulated that "all injuries to the plaintiff would have been averted if the available and operative occupant restraint system had been utilized."
The trial court found no affirmative duty on Fleming's part to secure the seat belt of a passenger. Therefore, given the stipulation that Bonds's injuries resulted from the nonuse of a seat belt, the trial court entered summary judgment for Fleming, and Bonds appeals.
Bonds argues on appeal that the seat belt defense as established by Pasakarnis should not apply
where an intoxicated adult Defendant operates a motor vehicle in such a way as to cause injury to his minor passenger who failed to utilize the existing restraint system due to his intoxication or unconsciousness, which was known to the driver and, in fact, was a result of the driver procuring alcoholic beverages for the Plaintiff.
Bonds further urges that the developing nature of tort law in Florida indicates that the courts, which created the seat belt defense without awaiting legislative action, should now engraft upon that doctrine an exception in order to "step in to protect people against risks which they cannot adequately guard against themselves." Bonds also contends that allowing Fleming to avail himself of the seat belt defense in this case would permit him to escape civil liability for violation of two criminal statutes: the prohibition against drunk driving (section 316.193) and the prohibition against *585 supplying alcoholic beverages to minors (section 562.11).
In response, Fleming points out that no evidence was adduced before the trial court suggesting Bonds was incapacitated at the time he entered the vehicle. The duty to buckle the seat belt arose at the time Bonds entered the car, not at the time of the collision, according to Fleming. Fleming also asserts that the plaintiff's age is not a factor addressed by Pasakarnis, and that, in regard to the operation of a motor vehicle, a minor with an operator's license is held to an adult, and not lesser, standard of care. See Swindell v. Hellkamp, 242 So.2d 708 (Fla. 1970); Medina v. McAllister, 196 So.2d 773 (Fla. 3d DCA), cert. discharged, 202 So.2d 755 (Fla. 1967). Bonds, as a licensed operator, is held to an adult standard of care in regard to using his seat belt just as he would have been while operating the car which had been entrusted to him by his parents on the night of the accident.
We cannot agree with the appellant's position that this court should apply the doctrine of estoppel against Fleming. Bonds states:
... [E]ven though a duty might not exist to affirmatively insure their passenger is restrained, .. . an appropriate rule of law should prevent an intoxicated driver ... [from using] the seat belt defense as a shield from civil liability.
We find nothing in Pasakarnis, nor in logic, to support the proposition that, as against a plaintiff passenger, an intoxicated driver is less entitled to rely on a seat belt defense than is a sober driver. Because he is held to an adult standard of care when entrusted with an automobile, Bonds should have known his voluntary inebriation would diminish his appreciation for automobile safety measures including the use of a seat belt. Our holding that Fleming was not under a duty to fasten Bonds's seat belt is consistent with the public policy expressed within Florida's Safety Belt Law, section 316.614, Florida Statutes (1988). Enacted after this suit was initiated and thus technically inapplicable, the statute, nonetheless, requires front seat passengers over 16 years of age to buckle up, but the driver is not accountable nor negligent if the passenger fails to do so. See § 316.614(5), (10). It must be remembered that the seat belt defense goes only to the issue of damages, not liability for the accident. Pasakarnis at 453-454.
Moreover, we are not persuaded by the argument that Fleming violated two criminal statutes and should, therefore, be subject to civil liability. Section 562.11, Florida Statutes (1984) was designed to regulate licensed vendors of alcoholic beverages upon the licensed premises of such vendors. State ex rel. Hoffman v. Vocelle, 159 Fla. 88, 31 So.2d 52 (1947); Bryant v. Pistulka, 366 So.2d 479 (Fla. 1st DCA 1979); United Services Automobile Association v. Butler, 359 So.2d 498 (Fla. 4th DCA 1978); Bryant v. Jax Liquors, 352 So.2d 542 (Fla. 1st DCA 1977), cert. denied, 365 So.2d 710 (Fla. 1978). The statute does not apply to Fleming under the instant facts.
While Fleming may be guilty of drunk driving pursuant to section 316.193, that is not a legal basis to negate the seat belt defense created by Pasakarnis. If it were, we assume Pasakarnis would have said so. It is not our function to alter tort doctrines emanating from the Florida Supreme Court. See Hoffman v. Jones, 280 So.2d 431, 433-434 (Fla. 1973). As a matter of public policy we are not persuaded that Bonds could not have adequately protected himself from the consequences of his own voluntary inebriation where at the time he was old enough to operate a dangerous instrumentality under Florida law.
AFFIRMED.
ORFINGER and COWART, JJ., concur.