Hillsborough, }
Jan. 3, 1933. }

STELLA GEORGE, *by her father and next friend,*

*v.*

NEW ENGLAND DRESSED MEAT & WOOL CO.

*Osgood & Osgood (Mr. Anson G. Osgood* orally), for the plaintiff.

*Doyle & Doyle (Mr. Paul J. Doyle* orally), for the defendant.

MARBLE, J.    At the time she received her injury the plaintiff had been sent by her mother to make a purchase at a grocery store on the north side of Spruce street.    She approached Spruce street from Fifth avenue lane and before crossing the street looked west.    To quote her own words, the defendant's car was then two or three "stores or

doors" away (a distance of about ninety-five feet), and she considered this to be "far" away. After starting to cross the street she looked to the east, and was struck by the automobile at a point about sixteen feet from the southeasterly curb. According to Bureau's testimony his speed did not exceed fifteen miles an hour. With due allowance for the plaintiff's age (*Charbonneau* v. *MacRury*, 84 N. H. 501, 507, 508, and cases cited), it cannot be said as a matter of law that she was guilty of contributory negligence.

The jury were not obliged to accept Bureau's statement that a truck blocked his view of the intersection and that the plaintiff "with her head turned back" toward another girl, who was chasing her, "ran right into the car." On his own admission he did not see the corner and could not have avoided hitting an automobile if one "had come out of that lane suddenly." He could not remember that he sounded his horn as he approached the intersection, and there was evidence that he did not do so. His attention was centered on finding a place to park his car, and the jury were entitled to find that he was heedless of other matters. The motions for a nonsuit and directed verdict were properly denied. *Gosselin* v. *Lemay*, 85 N. H. 13.

Spruce street and Fifth avenue lane are public highways. The court denied the following request for instructions: "The defendant did not owe the plaintiff the duty of blowing his horn as he approached Fifth Avenue Lane until he had notice she was going out into Spruce Street." Such an instruction would have constituted error. If the jury believed Bureau's testimony, the plaintiff did not attempt to cross Spruce street until Bureau had reached the corner. Section 10 of chapter 103 of the Public Laws provides that "Upon approaching any intersecting way or a curve or corner in a way, every person operating a motor vehicle shall slow down and give timely signal with his bell, horn or other device for signaling." Assuming that Bureau's account of the plaintiff's conduct was correct, compliance with this statutory requirement on his part might have prevented the accident. The jury were instructed, without exception, in accordance with P. L., c. 103, s. 13, requiring the driver of a motor car to give "timely signal" upon approaching "a pedestrian who is upon a traveled part of a highway and not upon a sidewalk." Certainly the defendant was not prejudiced by this instruction.

But defendant's counsel state that the intended meaning of the request was that if the plaintiff saw the defendant's car, no duty devolved upon the driver to warn her of his approach. The language of the request is not fairly susceptible of such a construction. But

even if it were, the law would be incorrectly stated. It was the driver's duty to obey the statute, and the plaintiff's knowledge that the car was approaching, though material on the issue of proximate cause, would not absolve the driver from his statutory duty as a matter of law. *Morier* v. *Hines*, 81 N. H. 48, 54.

At the conclusion of the charge, the defendant excepted to such portion of the charge as allowed the jury "to give damages for future medical expenses"; whereupon the presiding justice said: "That was under your agreement that the father was going to recover here whatever he is entitled to recover. It is understood by Court and counsel that the father is entitled to recover here in this action under the agreement which was made between counsel earlier in the case, just the same as he would have been if he was here in a separate suit in his own name. That is the agreement?"

Defendant's counsel conceded that there had been such an agreement, and made no further objection. Obviously the exception was waived. Moreover, there was a definite expression of opinion by a physician who testified for the plaintiff that the scars which the plaintiff received constituted "a potential danger to ulceration" and would be a source of trouble to her for a few years.

*Judgment on the verdict.*

All concurred.