Hillsborough, } No. 3087.
June 6, 1939. }

JAMES J. POWERS *v.* HORACE L. BARRETT.

HORACE L. BARRETT *v.* JAMES J. POWERS.

*McLane, Davis & Carleton* (*Mr. Carleton* orally), for the plaintiff.

*Laflamme & Nourie* (*Mr. Nourie* orally), for the defendant.

PAGE, J. In the course of argument defendant's counsel said: "Now, you will recall that in my opening statement I said to you that Mr. Barrett did not blow his horn, that when he saw the Powers automobile, he was obviously within the view of the Powers automobile, and that there was no necessity for blowing his horn, because

he was within the vision of Dr. Powers. Now, I argue to you gentlemen that that is the fact of the case; I argue to you gentlemen that that is the situation that morning; I argue to you that there was no need for Mr. Barrett to blow his horn as he came into that intersection, because his car was in clear view of Dr. Powers.

"*Mr. Davis:* I except to the statement there was no need for Mr. Barrett to blow his horn at that intersection, as it is contrary to the law that he should so do. I object to that statement. . . .

"*The Court:* It is simply an argument, as I understand it."

To this ruling, that the matter objected to was not a statement of the law, but an argument of matter of fact, the plaintiff excepted.

Upon this theory, the court later instructed the jury as to the statute requiring the sounding of the horn, and added, "Even if a signal was not given as required by the statute, it is not grounds for imposing liability unless you also find that the violation of the statute was causal of the accident, in other words, that compliance with the statute would have prevented the accident." The plaintiff's brief concurs in the court's view that defendant's counsel was arguing the claim that "since Barrett was in Powers' view, such [signal] would have had no effect in avoiding the accident." It is not probable that the jury understood the purpose otherwise, even though the argument might have been phrased with greater precision.

The plaintiff asserts that the argument was ill-grounded because the defendant was not permitted to express an opinion whether "there was anything [his] horn could have done to help Dr. Powers to look toward [him] and avoid the accident." That, however, was an opinion that the jury might have drawn from other testimony that was before them. Subject to objection, but not to exception, the defendant testified: "I could see him; I don't see why he couldn't see me"; also, without any objection, that he was within the view of Dr. Powers when he first saw him, that there was nothing to obstruct the view of his car by Dr. Powers as the latter entered the intersection. Dr. Powers testified that, before entering the intersection, he looked both right and left and saw nothing; but when he got nearly to the middle of the road he saw a car at his left, within a few feet; that when he first looked to the left, he had a vision westerly on Merrimack Street for about 150 feet. Under the circumstances, it was arguable that what Dr. Powers did not see when he looked would not have been brought to his attention by the sounding of Barrett's horn. Such an argument is consistent with the statutory duty to sound the horn. *George* v. *Company*, 86 N. H. 121.

In this connection it is urged that there was a greater tendency to prejudice because, it is claimed, the jury were charged that "if they found that Powers was inattentive as he neared the intersection, he was then without legal right to rely upon performance by the defendant of his statutory duty." We do not so understand the instruction given to the jury, *viz.* that the statute contemplates that the "operator will give such a signal when he is sufficiently close to the intersection that the person of average prudence approaching will be given an opportunity to hear and heed the signal." This is merely a definition of the required timing and intensity of the signal rather than a statement that the defendant had no duty to blow his horn.

We cannot agree with the plaintiff's contention that the "combined effect of these two errors was to take from the jury's consideration the question of whether the accident could not have been avoided if the defendant had complied with the statute—in other words, the jury was not permitted to consider Barrett's infraction of the law as the probable proximate cause of the accident." On the contrary, that issue was specifically submitted by the court to the jury.

All concurred.                                    *Exceptions overruled.*