Grafton,
No. 5501.

REGINALD E. DANIELS, *Adm'r*

*v.*

JOHN K. EVANS.

Argued September 7, 1966.
Decided October 31, 1966.

*Tesreau, Stebbins & Johnson* and *David H. Bradley*, ( *Mr. Bradley* orally ), for the plaintiff Reginald E. Daniels.

*Wiggin, Nourie, Sundeen, Nassikas & Pingree* and *William S. Orcutt* ( *Mr. Orcutt* orally ), for the defendant John K. Evans.

LAMPRON, J. As to the standard of care to be applied to the conduct of the decedent Robert E. Daniels, 19 years of age, the

Trial Court charged the jury in part as follows:

"Now, he is considered a minor, being under the age of twenty-one, and a minor child must exercise the care of the average child of his or her age, experience and stage of mental development. In other words, he is not held to the same degree of care as an adult."

Concededly these instructions substantially reflect the rule by which the care of a minor has been judged heretofore in the courts of our state. *Charbonneau* v. *MacRury*, 84 N. H. 501, 510; *Codding* v. *Makris*, 104 N. H. 381, 382. However an examination of the cases will reveal that in most the minors therein were engaged in activities appropriate to their age, experience and wisdom. These included being a pedestrian (*George* v. *Company*, 86 N. H. 121; *Howe* v. *Company*, 87 N. H. 122), riding a bicycle (*Shimkus* v. *Caesar*, 95 N. H. 286), riding a horse (*Katsikas* v. *Railway*, 90 N. H. 21), coasting (*Codding* v. *Makris*, 104 N. H. 381).

We agree that minors are entitled to be judged by standards commensurate with their age, experience, and wisdom when engaged in activities appropriate to their age, experience, and wisdom. Hence when children are walking, running, playing with toys, throwing balls, operating bicycles, sliding or engaging in other childhood activities their conduct should be judged by the rule of what is reasonable conduct under the circumstances among which are the age, experience, and stage of mental development of the minor involved. *Charbonneau* v. *MacRury*, 84 N. H. 501.

However, the question is raised by the defendant in this case whether the standard of care applied to minors in such cases should prevail when the minor is engaged in activities normally undertaken by adults. In other words, when a minor undertakes an adult activity which can result in grave danger to others and to the minor himself if the care used in the course of the activity drops below that care which the reasonable and prudent adult would use, the defendant maintains that the minor's conduct in that instance, should meet the same standards as that of an adult.

Many recent cases have held that "when a minor assumes responsibility for the operation of so potentially dangerous an instrument as an automobile, he should . . . assume responsibility for its careful and safe operation in the light of adult standards." 2 Idaho L. Rev. 103, 111 (1965); *Dellwo* v. *Pearson*, 259 Minn. 452; *Nielsen* v. *Brown*, 232 Ore. 426; *Carano* v. *Cardina*, 115

Ohio App. 30; *Wagner* v. *Shanks*, 194 A. 2d 701 ( Del. 1963 ); *Harrelson* v. *Whitehead*, 365 S. W. 2d 868 ( Ark. 1963 ); *Dawson* v. *Hoffmann*, 43 Ill. App. 2d 17; *Neudeck* v. *Bransten*, 233 Cal. App. 2d 17; *Prichard* v. *Veterans Cab Company*, 63 Cal. 2d 727. The rule has been recognized in Restatement ( Second ), Torts, *s.* 283 A, *comment* c, in 2 Harper and James, The Law of Torts, *s.* 16.8, *p.* 926, and in Prosser, Torts ( 3d *ed.* ) *p.* 159. In an annotation in 97 A.L.R. 2d 872 at page 875 it is said that recent decisions " hold that when a minor engages in such activities as the operation of an automobile or similar powerdriven device, he forfeits his rights to have the reasonableness of his conduct measured by a standard commensurate with his age and is thenceforth held to the same standard as all other persons. "

One of the reasons for such a rule has been stated thusly in *Dellwo* v. *Pearson, supra,* 458: " To give legal sanction to the operation of automobiles by teen-agers with less than ordinary care for the safety of others is impractical today, to say the least. We may take judicial notice of the hazards of automobile traffic, the frequency of accidents, the often catastrophic results of accidents, and the fact that immature individuals are no less prone to accidents than adults. . . . [I]t would be unfair to the public to permit a minor in the operation of a motor vehicle to observe any other standards of care and conduct than those expected of all others. A person observing children at play . . . may anticipate conduct that does not reach an adult standard of care or prudence. However, one cannot know whether the operator of an approaching automobile . . . is a minor or an adult, and usually cannot protect himself against youthful imprudence even if warned. "

The Supreme Court of Delaware in *Wagner* v. *Shanks*, 194 A. 2d 701, 708, stated that their " statute, which permits the licensing of minors, does not provide two standards of care for the licensing of minors and adults. The . . . act was passed for the protection of the general public and users of the streets and highways and not for the protection of immature . . . and negligent drivers . . . We consider it to be a matter of paramount public policy, in fact a rule of necessity, that society in general be assured that all drivers of motor vehicles upon our highways be charged with equal responsibility in the operation of motor vehicles regardless of age. "

RSA 262-A:2 which establishes rules of the road for the

operation of motor vehicles on our highways reads as follows: "REQUIRED OBEDIENCE TO TRAFFIC LAWS. It is unlawful and . . . a misdemeanor for *any person* to do any act forbidden or fail to perform any act required in this chapter." (Emphasis supplied). This is some indication of an intent on the part of our Legislature that all drivers must, and have the right to expect that others using the highways, regardless of their age and experience, will, obey the traffic laws and thus exercise the adult standard of ordinary care.

RSA ch. 169 designed to permit the exercise of the powers of the State as "*parens patriae*" over minors (*Petition of Morin*, 95 N. H. 518, 520) specifically excluded in 1961, its application "in the case of persons sixteen years of age or over who are charged with the violation of a motor vehicle law, an aeronautic law, a law relating to navigation of boats or a game law that pertains to hunting any wild birds or wild animal of any kind." Laws 1961, 74:1. The Legislature has again indicated its intent to have the conduct of minors who are engaged in adult activities treated in the same manner and judged by the same standards as are adults. See *In re Perham*, 104 N. H. 276.

The rule charged by the Trial Court pertaining to the standard of care to be applied by the jury to the conduct of the minor plaintiff Robert E. Daniels in the operation of the motorcycle was proper in "the bygone days" when children were using relatively innocent contrivances. See Annot. 97 A.L.R. 2d 872, 875. However in the circumstances of today's modern life, where vehicles moved by powerful motors are readily available and used by many minors, we question the propriety of a rule which would allow such vehicles to be operated to the hazard of the public, and to the driver himself, with less than the degree of care required of an adult.

We are of the opinion that to apply to minors a more lenient standard in the operation of motor vehicles, whether an automobile or a motorcycle, than that applied to adults is unrealistic, contrary to the expressed legislative policy, and inimical to public safety. Furthermore when a minor is operating a motor vehicle there is no reason for making a distinction based on whether he is charged with primary negligence, contributory negligence, or a causal violation of a statute and we so hold. *Charbonneau* v. *MacRury*, 84 N. H. 501, 509; *Codding* v. *Makris*, 104 N. H. 381; *Rothacher* v. *Jones*, 38 Ill. App. 2d 19; *Harrelson* v.

*Whitehead*, 365 S. W. 2d 868 ( Ark. 1963 ). See Annot. 97 A.L.R. 2d 872, 875.

We hold therefore that a minor operating a motor vehicle, whether an automobile or a motorcycle, must be judged by the same standard of care as an adult and the defendant's objection to the Trial Court's charge applying a different standard to the conduct of plaintiff's intestate was valid. *Neudeck* v. *Bransten*, 233 Cal. App. 2d 17; *Prichard* v. *Veterans Cab Company*, 63 Cal. 2d 727; *Dellwo* v. *Pearson*, 259 Minn. 452; *Carano* v. *Cardina*, 115 Ohio App. 30; *Wagner* v. *Shanks*, 194 A. 2d 701 ( Del. 1963 ); *Nielsen* v. *Brown*, 232 Ore. 426; *Dawson* v. *Hoffmann*, 43 Ill. App. 2d 17.

*Exception sustained.*

All concurred.