Strafford,
No. 5904.

DENNIS HAMEL

*v.*

LOUIS CROSIETIER *& a.*

Argued June 4, 1969.
Decided July 30, 1969.

*Burns, Bryant, Hinchey & Nadeau* and *Paul R. Cox* (*Mr. Cox* orally), for the plaintiffs.

*Sulloway, Hollis, Godfrey & Soden* and *Donald E. Gartrell* (*Mr. Gartrell* orally), for the defendants Crosietier.

*Calderwood, Silverman & Ouellette* and *William B. Cullimore* (*Mr. Cullimore* orally), for the defendant Wellwood Company, Inc.

GRIFFITH, J. This is a tort action to recover damages for personal injuries arising out of a slingshot accident which occurred on April 11, 1965. Trial by jury resulted in defendants' verdicts.

Plaintiff's exceptions together with defendant Wellwood Company's exception to the denial of their motion for nonsuit were reserved and transferred by the Trial Court (*Morris, J.*).

In March of 1965 defendant Paul Crosietier purchased a small slingshot at the defendant Wellwood Company store. On April 11, 1965 Paul was nine years eleven months old and plaintiff Dana Hamel was six years ten months old. On that date Paul

Crosietier shot a marble with his slingshot which struck Dana Hamel in the mouth breaking a tooth. It appears that prior to the incident Paul Crosietier had been playing in his yard with his brother Leo (age 7 years 9 months) and the two Hamel brothers Dana, and Dennis (age 8 years). During the morning Paul and Dennis Hamel had been shooting at inanimate objects with two slingshots of Paul's. Early in the afternoon Dana Hamel went to his house for some food and returned on his bicycle to the vicinity of the Crosietier yard.

The evidence as to what followed the return of Dana Hamel is in conflict but there was evidence from which a jury could find that Dana hurled rocks and expletives at the other boys and that both Paul and Dennis fired their slingshots in his direction with the marble propelled by Paul causing the injury to Dana. Both fathers of the boys were in their own homes within sight distance of the boys but neither was aware that the boys were playing with slingshots.

Plaintiff excepted to the Trial Court's submission to the jury of the issue of contributory negligence in the case of Dana who was six years and ten months at the time of the accident.

The problem of negligence in the conduct of children of tender years has proved a troublesome one to the courts. While all courts have recognized that children engaged in the activities normal to childhood should not be held to the standard of the prudent adult, there is a variety of approaches in dealing with the problem. Annot. 77 A.L.R. 2d 917; Annot. 107 A.L.R. 4; Annot. 174 A.L.R. 1080.

The so-called "Illinois" rule provides an absolute presumption that children under the age of seven are incapable of contributory negligence. *Holbrock* v. *Hamilton Distributing, Inc.,* 11 Ohio St. 2d 185; *Duffy* v. *Cortesi,* 2 Ill. 2d 511; *Romine* v. *Watseka,* 341 Ill. App. 370.

We have never adopted an arbitrary standard except insofar as the case of *Dorr* v. *Railway,* 76 N. H. 160 may now be considered as authority that a child of five and one-half is conclusively presumed incapable of contributory negligence. In this state no distinction is made between charging a minor with negligence or with contributory negligence. Both impose on the party making the charge the burden of proof. *Charbonneau* v. *MacRury,* 84 N. H. 501 laid down the rule in this state that a minor defendant should be judged in his conduct by the standard that

his age, intelligence and experience require. This rule recognizes that while in the absence of evidence of disability (*Bernard* v. *Russell*, 103 N. H. 76) an adult standard is a general standard it would be improper not to use a specific standard for children. The progress from infancy to adulthood is neither uniform among children of the same age nor consistent in the same child.

The adoption of an exact age for any presumption either absolute or rebuttable is neither required nor desirable with this standard. There will of course be cases in which a Trial Court may rule as a matter of law that a particular child is incapable of contributory negligence. In the case of a very young infant age alone will dictate this. Contrariwise a child who has attained the age and experience to participate in adult activities and is so engaged at the time of the accident will be held to adult standards. *Daniels* v. *Evans*, 107 N. H. 407. Generally however, the withdrawal of the issue of a child's negligence from the jury involves a determination by the Trial Court that reasonable men could not find the child capable of negligence. *Camardo* v. *New York State Rys.*, 247 N. Y. 111; Restatement (Second), Torts, *s.* 283 A; 2 Harper & James, Torts, *s.* 16.8.

In the present case the Trial Court instructed the jury as to the standard to be applied to both the child defendant and the child plaintiff in accordance with our law. The evidence relating to the plaintiff's age, experience and conduct warranted the submission of the issue of the plaintiff's contributory negligence to the jury. See *Wheeler* v. *Monadnock Hospital*, 103 N. H. 306; *Dunleavy* v. *Constant*, 106 N. H. 64, 68.

The defendants' verdicts in the actions brought on behalf of the minor son render unnecessary consideration of plaintiff father's exception or defendant Wellwood Company's exception to the denial of motions for nonsuit and directed verdict.

*Judgment for defendants.*

All concurred.