Grafton,
No. 6316.

THOMAS CORBEIL, BY HIS NEXT FRIEND AND
FATHER, JOSEPH E. CORBEIL

*v.*

DANIEL S. ROUSLIN.

JOSEPH E. CORBEIL *v.* SAME.

July 31, 1972.

*David B. Shepatin,* by brief and orally, for the plaintiffs.

*Nighswander, Lord, Martin & KillKelley (Mr. David J. KillKelley* orally) for the defendant.

LAMPRON, J.   Action on behalf of Thomas Corbeil, a minor 7 years of age, to recover for personal injuries suffered in an automobile-pedestrian accident in North Woodstock on June 26, 1967. Joseph Corbeil, his father, also sought to recover for expenses and other losses resulting from the injury to his son. Trial by jury, with a view, resulted in a verdict for the defendant. Plaintiffs' exceptions were reserved and transferred by *Johnson,* J.

The only exception briefed and argued by the plaintiffs relates to the instructions of the trial court to the jury on the standard of care required of the minor plaintiff. Consequently this is the only issue on this appeal.

Thomas lived with his father and mother in North Woodstock. On the day of the accident he left home accompanied by an older sister and proceeded to the business center of the town. He became interested in a certain toy in one of the stores and wanted to return home to see if he could purchase it. This necessitated his crossing Main Street. He received permission to go home from his sister. It was then about 3:45 in the afternoon. Plaintiffs claim that Thomas while within a marked crosswalk was hit in the center of the street by the front of defendant's car. The defendant and his witnesses maintained that Thomas darted between two parked cars into the side of the car in an area where there was no crosswalk. Thomas suffered a broken leg.

Plaintiffs' request for instruction No. 6 pertained to Thomas' contributory negligence. It read in part as follows: "In determining whether Thomas . . . is chargeable with contributory negligence, you are instructed that he is subject to the rule of reasonable conduct in view of all the circumstances, but allowance must be made for his state of mental development, lack of experience and age and he is not chargeable with the same degree of care as an adult."

The trial court in the course of its charge instructed the jury that the standard to be used in determining if there was negligence is whether the person has failed to use the ordinary and reasonable care that a person of average prudence would have used under the same or similar circumstances. The court further instructed the jury as follows: "Now for a child this is varied only to this extent. You take the child as a child, and you say what would be the standard of care for a seven-year-old child. You do not measure this plaintiff in terms of his negligence against the world or against adults, but you measure this young man against other seven-year-olds, and you say: Has he used the care which an average prudent seven-year-old would have used under the same or similar circumstances." After conferring with counsel at the end of the charge, the court in an additional charge

"to make it clear" repeated substantially what he had said previously on the standard of care by which Thomas' conduct was to be measured.

Plaintiffs' request substantially reflected the law which prevails in this State and in many other jurisdictions. *Charbonneau* v. *MacRury*, 84 N.H. 501, 153 A. 457 (1931); *Daniels* v. *Evans*, 107 N.H. 407, 408, 224 A.2d 63, 64 (1966); *Hamel* v. *Crosietier*, 109 N.H. 505, 506-07, 256 A.2d 143, 145 (1969); Prosser, Law of Torts *s*. 32, at 154-57 (4th ed. 1971). The trial court could properly have charged the jury in the same or similar language although it was not compelled to do so provided the charge given was adequate to cover the issue. *Sigel* v. *Boston & Maine R.R.*, 107 N.H. 8, 29, 216 A.2d 794, 810 (1966); *Caldwell* v. *Drew*, 109 N.H. 91, 94, 243 A.2d 304, 307 (1968).

In their contention that the charge of the trial court was erroneous and prejudicial, plaintiffs rely on testimony that Thomas was an impulsive child. They maintain that these characteristics might have influenced his actions on the day of the accident in a manner other than the average seven-year-old would react. On the other hand there was evidence that Thomas had crossed this same street frequently on his way to and from school. In this respect he could be found to have had considerably more knowledge and experience in crossing this Main Street than would have the average seven-year-old. These varying factors were before the jury to be considered in applying the standard set up by the court in its charge, namely "the care which an average prudent seven-year-old would have used under the same or similar circumstances."

While the trial court's charge and supplemental charges might have been clearer if given in accordance with plaintiffs' request No. 6, we cannot say in view of the minor's knowledge and experience with this particular crossing that the charge was inadequate or prejudicial to the plaintiffs under the circumstances of this case.

*Judgment for the defendant.*

All concurred.