Cheshire
No. 6538

### Charlotte B. Dorais v. Gertrude E. Paquin

April 30, 1973

*Nighswander, Lord, Martin & KillKelley (Mr. David J. KillKelley* orally) for the plaintiff.

*Devine, Millimet, Stahl & Branch* and *David Woodbury (Mr. Woodbury* orally) for the defendant.

Kenison, C.J. The question in this personal injury action arising out of an automobile-pedestrian accident is whether the 17-year-old plaintiff pedestrian was entitled to have the jury instructed to apply a special child standard of care to her conduct in their determination of her alleged contributory negligence. Plaintiff excepted to the trial court's failure to instruct the jury that she should be held only to the standard of care of a child of like age, experience and knowledge. Following a verdict for the defendant, the plain-

tiff's exceptions were reserved and transferred by *Grant, J.*

The accident occurred on route 202 in the town of Rindge on December 17, 1968, just prior to dawn while the plaintiff was walking to work along the right-hand side of the road. The road conditions were slippery due to ice and snow, and plaintiff was required to walk in the roadway due to the presence of snowbanks on either side of the road. The defendant dimmed her headlights upon the approach of another vehicle and did not see the plaintiff until she turned her high beams on and was about to hit the plaintiff. The defendant alleged that plaintiff was contributorily negligent in walking on the right-hand side of the highway (*see* RSA 262-A:37 II), in wearing dark clothing, and in failing to carry a light under the circumstances. The issues of negligence and contributory negligence were submitted to the jury which returned a verdict for the defendant.

It is true that "our law recognizes infants and insane persons as incapable of exercising that care for their own protection which is required of normal persons as a condition to their right to redress for injuries caused by the wrongful acts of others and relieves them from the penalty which such lack of care would, but for their incapacity, impose . . . ." *Charbonneau v. MacRury,* 84 N.H. 501, 504, 153 A. 457, 460 (1931). The normal standard of care required of children for their own protection and the protection of others is that which it is reasonable to expect of children of like age, intelligence and experience under similar circumstances *Id.; Corbeil v. Rouslin,* 112 N.H. 295, 293 A.2d 760 (1972); *Hamel v. Crosietier,* 109 N.H. 505, 256 A.2d 143 (1969); *see generally,* Prosser, Torts § 32 (4th ed. 1971); Note, *Contributory Negligence of Children,* 18 S.C.L. Rev. 648 (1966); Annot., 77 A.L.R.2d 917 (1961).

The fundamental reason for measuring a child's conduct by a varying child standard instead of the reasonably prudent man standard derives from the basic unfairness of predicating legal fault upon a standard which most children are simply incapable of meeting. Children generally do not have the same capacity to perceive, appreciate and avoid dangerous situations which is possessed by the ordinary, prudent adult.

*Charbonneau v. MacRury supra;* Keet, *Contributory Negligence of Children,* 12 Clev.-Mar. L. Rev. 395 (1963); Comment, 47 B.U.L. Rev. 450, 451 (1967). Thus, "[i]t is not the fact of the child's minority that disentitles one who has negligently injured him from claiming exemption from liability in such case, but of his immaturity of judgment and lack of the power or capacity to appreciate the danger to which he exposes himself. To the extent that children are able to appreciate the danger to which they expose themselves, they are responsible for their contributory negligence." 1 Shearman and Redfield, Law of Negligence § 92, at 228 (rev. ed. 1941); *see* Restatement (Second) of Torts §§ 283A, Comment *a,* at 339 (c), comments *c, k* (1965).

The 17-year-old plaintiff introduced no evidence at trial indicating that she was any less able than an adult to appreciate the risk of walking along the wrong side of the road clad in dark clothing without a light under dark and icy conditions. Her contention on this appeal is that *Charbonneau* and *Daniels v. Evans,* 107 N.H. 407, 224 A.2d 63 (1966), compel the conclusion that any person who is under twenty-one, and hence technically a "minor," and who is engaged in an activity appropriate to his age is entitled to the child standard of care. But such was not the holding in either *Charbonneau* or *Daniels.*

When we referred in *Daniels* to "walking" as an appropriate activity for a child, it was in contradistinction to the operation of an automobile which we held to be inherently an adult activity. *George v. Company,* 86 N.H. 121, 164 A. 209 (1933), which we cited in support of the proposition that walking may be an appropriate activity for a child, involved a 10-year-old plaintiff who was hit by the defendant's car while crossing a street due to her misjudgment of its distance and speed. All we held there was that on the facts of that case the plaintiff could not be adjudged contributorily negligent as a matter of law. When we have spoken of activities appropriate for children our basic concern has been for the typical younger child whose limited attention is directed primarily at some playful activity rather than at the safety of his conduct or of his surroundings. *See Hamel v. Crosietier,* 109 N.H. 505, 256 A.2d 143 (1969). The *Daniels* case cannot by negative inference be used to support a proposition that any "minor"

not operating an automobile, no matter how close to chronological or psychological adulthood, is entitled to the benefit of a child standard of care.

The Restatement (Second) of Torts §§ 283A, 464 (1965) defines the special standard of conduct available to youth in terms of "children" rather than "minors", and we think this is the more precise characterization of the rule. "A child is a person of such immature years as to be incapable of exercising the judgment, intelligence, knowledge, experience, and prudence demanded by the standard of the reasonable man applicable to adults . . . . [I]t is obvious that a minor who has not yet attained his majority may be quite as capable as an adult of exercising such qualities." Restatement (Second) of Torts § 283A, Comments *a, b* (1965); *accord,* Note, 34 Ind. L. J. 511, 519 (1959). There is no fixed age in this State when "infants" are touched with the legal wand and suddenly bound to exercise the same degree of care as adults. *Compare Hamel v. Crosietier supra with e.g., Nelson v. Arrowhead Freight Lines, Ltd.,* 99 Utah 129, 134, 104 P.2d 225, 228 (1940) (adult standard applied from the age of 14).

Once a youth's intelligence, experience and judgment mature to the point where his capacity to perceive, appreciate and avoid situations involving an unreasonable risk of harm to himself or others approximates the capacity of an adult, the youth will be held to the adult standard of care. *See, e.g., Haller v. Gross,* 135 Colo. 218, 309 P.2d 598 (1957) (19-year-old passenger of intoxicated driver); *Heinis v. Lawrence,* 160 Neb. 652, 71 N.W.2d 127 (1955) (17-year-old jumped off moving truck); *Hamilton v. Southern Nevada Power Co.,* 70 Nev. 472, 273 P.2d 760 (1954) (16-year-old hit power line with pipe); *Colwell v. Nygaard,* 8 Wash. 2d 462, 112 P.2d 838 (1941) (18-year-old pedestrian struck by automobile); Annot., 77 A.L.R.2d 917, 920, 929-30 (1961).

The closer a child comes to majority, and the more common and obvious the risk (*see* Restatement (Second) of Torts § 339, Comment *j* (1965)), the more likely it is that the youth will be held to the adult standard of care. See Laws 1973, ch. 72 lowering the age of majority to eighteen. It will be infrequent that a 17-year-old will not be held to an adult standard of care. Restatement (Second) of Torts § 283 A, Comment *a* (1965). It was clear to the trial court, and it is clear

to us upon a review of the record, that the plaintiff in this case had substantially an adult capacity to appreciate the obvious risk of walking on the wrong side of the road under dark and icy conditions in dark clothing and without a light.

*Plaintiff's exceptions overruled;*
*judgment for the defendant.*

All concurred.