134 N.J. Super. 99 (1975)
338 A.2d 820
JACQUELINE GOSS, PLAINTIFF-APPELLANT,
v.
STEVEN ALLEN, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued April 29, 1975.
Decided May 12, 1975.
*100 Before Judges HALPERN, CRAHAY and WOOD.
Mr. Herbert E. Weiland argued the cause for appellant (Messrs. Hoyt, Jeffers & Weiland, attorneys).
Mr. Rocco L. D'Ambrosio argued the cause for respondent (Messrs. O'Donnell, Leary & D'Ambrosio, attorneys).
The opinion of the court was delivered by HALPERN, P.J.A.D.
Plaintiff Jacqueline Goss appeals from a final judgment, entered on a jury verdict, in favor of defendant, and from the denial of her motion for a new trial.
*101 The relevant facts are not in serious dispute and will be briefly set forth. Defendant, a 17-year-old college student, went skiing at Mad River Glen, in Vermont, on February 21, 1972. He testified that he had done a limited amount of cross-country skiing in New Jersey, but had never done any "downhill skiing as such." There is nothing in the record to indicate whether he had ever received any skiing instructions. On the day in question he had walked on his skiis about one-fourth of the way up the beginner's slope and then started skiing down. During his descent he made a left turn toward the ski lodge and a car parking lot. When he was about 100 feet away from plaintiff, and at a time when he had lost control of his skiis, he saw plaintiff standing in the parking lot but could not avoid running into her. As he put it:
* * * well, I was out of control  I admit that  and I was trying to regain my control and I was not having much success at all and I was getting very near to Miss Goss, and I guess by the time that I yelled out to her I was almost right on top of her, and in that respect I did collide with Miss Goss.
Plaintiff testified she was a ski patrol volunteer and a first aid advisor. She was standing with a friend in the parking lot, near a car, when at her friend's warning she turned and saw defendant almost on top of her. She attempted to get out of his way but was unable to do so.
We indicate at the outset that counsel have agreed the law of Vermont is applicable to this incident, and that Vermont law in this negligence suit is the same as New Jersey's. We agree with that stipulation, particularly with respect to the duty of care owed by a 17-year-old to another. See Johnson's Adm'r v. Rutland R. Co., 93 Vt. 132, 106 A. 682 (Sup. Ct. 1919); Bush v. N.J. & N.Y. Transit Co., Inc., 30 N.J. 345 (1959).
The issue in this case, as we see it, which is presented as plain error, is whether the trial judge properly charged the jury with respect to the duty of care owed plaintiff by defendant *102 under the existing facts. We find plain error to exist and reverse.
At the outset of the charge the trial judge properly instructed the jury that they must accept the law of the case as he submitted it to them, irrespective of their feelings about the law, or even if they disagreed with it. After instructing on the burden of proof, he defined negligence and proximate cause. In defining negligence with respect to defendant he instructed the jury as follows:
The law says that as far as one under 18 is concerned  18 or younger  we don't exact from him or her the same degree of care that we exact from an adult. We expect what we call an infant, which is anyone under 18  we exact that degree of care which a reasonably prudent person of that age would have exercised under the same or similar circumstances. So, as I said to you, Steven Allen on this date was 17 years old, and the law exacts from him the standard of care that a 17 year old would exercise under the circumstances.
In reviewing the testimony of defendant the trial judge again said:
Mr. Allen, on the other hand, says there is no question that "I came in contact with her, but I exercised reasonable care as a 17-year-old beginner skier. I didn't get on the T-bar and go all the way to the top and come down the slope. I walked up." I don't quite know how he did it, but anyway he says he walked up about 30 feet up the slope, halfway, and started down, and he said somehow or other he managed to make that left turn and he saw Miss Goss some hundred feet away and he knew he was out of control, but he also says, "Like any 17 year old or like any beginner skier or both  any beginning 17-year-old skier  I tried to regain control. At the last minute I realized that I couldn't control my skis. I shouted too late; there was contact," and he says, "I exercised that degree of care that might reasonably be expected of a 17-year-old beginner skier; that if there was an accident, it wasn't my fault."
Following the trial judge's charge, and after a side bar conference was held (the content of which is not disclosed by the record), he again instructed the jury:
All right. Perhaps I didn't charge as clearly as I thought that I had charged with reference to the duty of a 17 year old. I know that *103 I used the term 17-year-old beginner, and that may lead to some confusion. Let me try to straighten it out. The law imposes on a 17 year old that standard of care that a 17 year old with the experience and background that this 17 year old had. It does not impose any higher or any lower degree of care than can reasonably be expected of a 17 year old with respect to the experience and background that Mr. Allen had in this case.
Since comparative negligence is applicable in Vermont, the trial judge submitted four interrogatories to the jury.[1] The jury found defendant not negligent and therefore did not answer the remaining three interrogatories.
The problem of determining the degree of care the law imposes upon children has received varying and conflicting treatment over the years by courts throughout the country, as well as in New Jersey. See Bush, supra. We are convinced that much of the confusion stems from the courts' interchangeable use of the words "children," "infants" and "minors." When the terms "minor" or "infant" are used by the courts, they are generally equated with one under a given age of majority which, in New Jersey was 21 but effective January 1, 1973 is 18. See N.J.S.A. 9:17B-1 et *104 seq. Therefore, many courts, including the trial judge in the instant case, have erred in defining to a jury the degree of care to be exercised by a "minor" or an "infant," by using the statutorily determined age of majority as the magic moment when he has reached adulthood and is chargeable as such. This kind of reasoning is obviously faulty since we know from our daily life experiences that a 17-year-old may be as negligent or free of negligence as an 18-year-old. In short, such a standard will not withstand the test of common sense.
The trial judge here instructed the jury, at three different points in his charge, that defendant's standard of conduct to which he must conform to avoid being adjudged negligent is that of a reasonable person of like age, intelligence and experience under like circumstances. This is the standard of conduct prescribed for "children" and we are in complete agreement with that standard. It is the standard suggested in the Restatement, Torts 2d, § 283A (1965), and the one we have followed in New Jersey. Bush, supra. However, as indicated in the Comments under § 283A, the "rule stated in this section is commonly applied to children of tender years. In practice, it has seldom been applied to anyone over the age of sixteen * * *."
While the problem in the instant case may be one of first impression in New Jersey, we deem the desirable rule to be, in accordance with the principles herein enunciated, that where a child engages in an activity which is normally undertaken by adults, such as skiing, he should be held to the standard of adult skill, knowledge and competence, without allowance for his immaturity. See Comment (c) of § 283A of the Restatement, Torts 2d. It is axiomatic that a "minor" or "infant," who has not reached the legal age of majority, is as capable as an adult to engage in skiing and, therefore, should be chargeable with the same standard of care toward others as an adult similarly circumstanced would be. It makes little sense to say that defendant, who was 17 years old when this incident occurred, should be held to a lesser standard of care than an 18-year-old.
*105 Nor should we overlook the fact that in the majority of cases the problem is presented when the issue of a child's contributory negligence has to be decided, to determine whether he should be barred from recovering from an alleged wrongdoer. Where, as here, he is charged with negligent conduct, public policy mandates that the consequences of his act be borne by him and not a possible innocent victim. This is particularly true when, as here, a 17-year-old engages in a sport which he knows or should know may be dangerous to others.
For the authorities which support the principles herein enunciated see: Restatement, Torts 2d, § 283A and § 299A (1965), and Comments thereunder; Prosser, The Law of Torts (4 ed. 1971), § 32 at 154-157; 2 Harper and James, The Law of Torts, § 16.8, at 924-928 (1956) and the Supplement thereto at 38-41 (1968); Annotation, 97 A.L.R.2d 872 (1964); Dorais v. Paquin, 113 N.H. 187, 304 A.2d 369 (Sup. Ct. 1973); Dellwo v. Pearson, 259 Minn. 452, 107 N.W.2d 859 (Sup. Ct. 1961); Daniels v. Evans, 107 N.H. 407, 224 A.2d 63 (Sup. Ct. 1966); Neumann v. Shlansky, 58 Misc.2d 128, 294 N.Y.S.2d 628 (Cty. Ct. 1968), aff'd o.b. 63 Misc.2d 587, 312 N.Y.S.2d 951 (Sup. Ct. App. Term 1970), aff'd o.b. 36 A.D.2d 540, 318 N.Y.S.2d 925 (App. Div. 1971). In Neumann, an 11-year-old golfer who hit another golfer with his drive off the tee was held to be engaged in an adult sport and should be held to the same standard of care as an adult participant. Neumann espouses the law we believe applicable to the instant case.
Having decided that the trial judge erred in his charge to the jury, we turn to the issue of whether it was plain error under R. 2:10-2. To qualify as plain error the erroneous charge must prejudicially affect plaintiff's substantial rights and be sufficiently grievous to warrant our holding that of itself the error possessed a clear capacity to result in an injustice.
*106 We believe the erroneous charge clearly resulted in an injustice to plaintiff requiring a new trial. The trial judge's charge, at three different points, directed the jury to apply the standard of care attributable to a 17-year-old beginner skier. This was the primary, if not the sole issue, by which the first interrogatory had to be judged. If an adult standard of care had been imposed, as we say it should have been, the jury might well have found defendant negligent in that he should have taken instructions from a ski instructor or other competent persons before venturing out on a downhill slope which terminated near a point where other persons were likely to be, or he should have intentionally fallen down rather that hit someone, or he should have given an earlier warning of his loss of control, or taken such other precautions in the circumstances as would have avoided the accident.
Under the circumstances, the erroneous charge had a manifest capacity to mislead the jury with the resulting injustice to plaintiff. See Atlas v. Silvan, 128 N.J. Super. 247, 251-252 (App. Div. 1974); State v. Spano, 128 N.J. Super. 90, 92-93 (App. Div. 1973), aff'd 64 N.J. 566 (1974); State v. Hock, 54 N.J. 526 (1969), cert. den. 399 U.S. 930, 90 S.Ct. 2254, 26 L.Ed.2d 797 (1970).
Reversed and remanded for a new trial.
NOTES
[1] Please answer the following in accordance with the Court's instruction.

(1) Was the defendant guilty of negligence which was a proximate cause of the accident?
 YES [] NO []
(If answered in the negative, stop here.)
(2) Was the plaintiff guilty of negligence which was a proximate cause of the accident?
 YES [] NO []
(If answered negatively go on to #4. If answered affirmatively, answer both #3 and 4.)
(3) What percentage of the total negligence do you attribute to each.
 A. Plaintiff _______________% (Must total
 B. Defendant _______________% (100%
(If plaintiff's negligence was greater than 50%, you need go no further. If the plaintiff's negligence was equal to or less than that of defendant, answer #4)
(4) What were the total damages sustained by the plaintiff?
 $ ____