REQUESTED BY: Avery L. Gurnsey, Rock County Attorney.
1. May a minor be requested to submit to a chemical test as provided in Neb.Rev.Stat. § 39-669.08?
2. If a minor child consents to submit to a blood test as requested, without the consent of the parents, may a nurse refuse to administer such a test?
3. If the blood test is administered at a place other than a hospital by a qualified individual pursuant to 39-669. 12, can the costs of such a test be assessed as costs under § 39-669.13?
1. Yes.
2. A law enforcement officer cannot compel a nurse to withdraw blood if that individual elects not to do so.
3. Yes.
You have requested answers to several questions regarding the applicability of the implied consent statutes to minors. In particular, you have expressed concern as to whether or not a minor is capable of `consenting' to the submission of a chemical test of his blood, breath, or urine for the purpose of determining alcoholic content of his body fluid. Section 39-669.08(1) provides in pertinent part:
 Any person who operates or has in his or her actual physical control a motor vehicle upon a public highway in this state shall be deemed to have given his or her consent to submit to a chemical test of his or her blood, urine, or breath, for the purpose of determining the amount of alcoholic content in his or her body fluid.
The definition of `person' includes every natural person. Section 39-602(67). Further, § 39-603(3) provides that `the provisions of section 39-601 to 39-6,122 shall be applicable and uniform throughout this state and in all political subdivisions and municipalities of this state. . .' It would appear that it is the intent of the Legislature that the provisions regarding the use of public roads apply to any person operating a motor vehicle in this state. While it is true that for some purposes minors may assert their infancy as a defense, it would appear that this defense is waived when a minor voluntarily operates a motor vehicle.
 The statute which establishes rules of road for operation of motor vehicles and provides that it is unlawful for any person to do any act forbidden or fail to perform any act required in statute is some indication of intent on part of the Legislature that all drivers must, and have right to expect that others using highways, regardless of their age and experience, will, obey traffic laws and thus exercise adult standard of ordinary care.
Daniels v. Evans, 224 A.2d 63 (N.H. 1966).
As a further indication of the applicability of the implied consent statutes to minors, it is instructive to note that in the area of tort liability, when a minor engages in a dangerous and adult activity such as driving an automobile, he is charged with the same standard of care or conduct as an adult. Constantino v. Wolverine Insurance Co.,284 N.W.2d 463 (Minn. 1979). Also, in the area of criminal law, it is well established that an infant who has developed sufficient intelligent and moral perception to distinguish between right and wrong, and is able to comprehend the legal consequences of his acts, is, as in the case of an adult, subject to criminal law. If no exception is made in favor of minors, statutes are to be considered applicable to them, if they are of sufficient maturity to be capable of committing the act specified. 42 C.J.S. Infants, § 186. Therefore, it is our opinion that minors are included within the category of those persons who are deemed to have given their consent to submit to chemical tests by the voluntary operation of a motor vehicle upon the highways of this state.
Your second question involves a situation in which a nurse refuses to administer a blood test, without the consent of the parents, because of hospital policy or other considerations. Section 39-669.14 provides in pertinent part that: `Only a physician, registered nurse, or qualified technician acting at the request of a law enforcement officer may withdraw blood for the purpose of determining the alcoholic content therein, but this limitation shall not apply to the taking of a urine or breath specimen.' Section39-669.12 provides that:
 Any physician, registered nurse, qualified technician, or hospital shall be an agent of the State of Nebraska when performing the act of withdrawing blood at the request of a law enforcement officer pursuant to section 39-669.08. The state shall be liable in damages for any illegal or negligent acts or omissions of such agents in performing the act of withdrawing blood at the request of a law enforcement officer pursuant to section 39-669.08. The physician, registered nurse, qualified technician, or hospital shall not be individually liable in damages or otherwise for any act done or omitted in performing the act of withdrawing blood at the request of a law enforcement officer pursuant to section 39-669.08, except for acts of gross negligence of the agent or of persons employed by such agent.
A review of the applicable statutes does not reveal any provision which specifically grants to law enforcement personnel the ability to compel a qualified individual to withdraw a blood sample. Section 39-669.12 creates an agency relationship and imposes liability upon the State of Nebraska for any illegal or negligent acts or omissions of such individuals in performing the withdrawal of blood. However, the withdrawal is at the `request of a law enforcement officer.' It is therefore questionable as to whether or not the law enforcement officer can order or direct a qualified individual to withdraw blood from a minor. The obvious conflict is that although § 39-669.12 imposes liability on the State of Nebraska for the negligence of these agents, it does not address the ethical and professional responsibility of these agents to consult the parents of a minor child prior to withdrawing blood.
It could be argued that since minors have statutorily consented to the withdrawal of blood in this particular situation, there should be no necessity of contacting the parents of a minor child to obtain their consent. However, despite the legality of this position, it does not necessarily relieve medical personnel of their own responsibilities and obligations to whatever standards are imposed by their own profession or employer. Consequently, it is our opinion that a law enforcement officer cannot compel such an individual to withdraw blood against his or her volition.
In response to your third question, if it is necessary to arrange for a blood test at a place other than a hospital, the cost of obtaining such a test may be recovered under the provisions of § 39-669.13, which provides that:
 Upon the conviction of any person for violations of the provisions of section 39-669.07, or of driving a motor vehicle while under the influence of alcoholic liquor or of any drug in violation of any city or village ordinance, there shall be assessed as part of the court costs the fee charged by any physician or any agency administering tests pursuant to a permit issued in accordance with section 39-669.11, for the test administered and the analysis thereof under the provisions of section 39-669.08, if such test was actually made.
The fact that a nurse or a hospital may refuse to administer a blood test to a minor without parental consent should in no way affect the assessment of costs if an alternative method of obtaining such a sample is necessitated.
Very truly yours, PAUL L. DOUGLAS Attorney General Ruth Anne E. Galter Assistant Attorney General APPROVED:Paul L. Douglas
Attorney General